IN THE MATTER OF: CHARLES E. FAULKNER v. NORTH CAROLINA STATE HEARING AID DEALERS AND FITTERS BOARD

No. 7710SC946

(Filed 3 October 1978)

1. **Professions and Occupations § 1— hearing aid dealer license—revocation for gross incompetence—failure to make promised refunds**

   The license of a hearing aid dealer and fitter could not properly be revoked under G.S. 93D-13(a)(2) for "gross incompetence" because of his failure

In re Faulkner

to make promised refunds if hearing aids failed to improve the hearing of the purchasers thereof, since the term "gross incompetence" as used in the statute means a failure on the part of the individual hearing aid dealer to possess the minimum degree of technical expertise or ability required adequately to fit and service hearing aids, and the dealer's failure to make the promised refunds failed to demonstrate any lack of competence in selling and fitting hearing aids.

**2. Administrative Law § 8; Professions and Occupations § 1— review of administrative decision—reasons for reversing decision—sufficiency of order**

The superior court adequately set out in writing its reasons for reversing a decision of the State Hearing Aid Dealers and Fitters Board as required by G.S. 150A-51 where the court's order stated that the facts found by the Board failed "to support its Conclusion of Law that the Petitioner was grossly incompetent within the purview of G.S. 93D-13(a)(2)."

APPEAL by respondent from *Godwin, Judge.* Judgment entered 10 October 1977 in Superior Court, WAKE County. Heard in the Court of Appeals 24 August 1978.

Petitioner is a salesman of hearing aids. On 1 February 1977 petitioner was notified to appear for a hearing before the North Carolina State Hearing Aid Dealers and Fitters Board (hereinafter "Board") to show cause why his license should not be revoked or suspended for "gross incompetence" in his dealings as a hearing aid dealer and fitter in violation of G.S. § 93D-13(a)(2). Pursuant to said notice a hearing was held on 3 May 1977. After hearing evidence from both sides, the Board made findings of fact summarized as follows:

Petitioner sold hearing aids to three individuals and made guarantees to each buyer that if the hearing aid did not improve his hearing within ninety days the purchase price would be refunded. Each buyer notified Faulkner within the ninety day period that his hearing aid was not performing properly and demanded a refund of the purchase price. Although each purchaser was entitled to a return of his purchase price, none of the individuals ever received a refund.

From its findings of fact the Board concluded that by failing to make refunds to the purchasers Faulkner "committed gross incompetence in his dealings as a hearing aid dealer and fitter in violation of G.S. 93D-13(a)(2)" and revoked Faulkner's license.

Pursuant to G.S. § 150A-43, Faulkner petitioned the Superior Court of Wake County for judicial review of the Board's order re-

voking his license. Judge Godwin reversed the order of the Board stating: "8. The Respondent's Board, [sic] Findings of Fact fail to support its Conclusion of Law that the Petitioner was grossly incompetent within the purview of 93D-13(a)(2)." From this order, the North Carolina State Hearing Aid Dealers and Fitters Board appealed.

*Attorney General Edmisten, by Associate Attorney General Lucien Capone III, for the appellant, North Carolina State Hearing Aid Dealers and Fitters Board.*

*Yates & Talford, by Robert M. Talford, for the appellee, Charles E. Faulkner.*

HEDRICK, Judge.

[1] By assignment of error number one, the Board questions the correctness of the holding of the superior court that the Board's findings of fact failed to support its conclusion that Faulkner "was grossly incompetent within the purview of G.S. 93D-13(a)(2)." The question thus presented is whether Faulkner committed "gross incompetence" by failing to make promised refunds to three clients.

G.S. § 93D-13(a) provides in pertinent part as follows:

The Board may in its discretion administer the punishment of private reprimand, suspension of license or apprentice license for a fixed period or revocation of license or apprentice license as the case may warrant in their judgment for any violation of the rules and regulations of the Board or for any of the following causes:

. . .

(2) Gross incompetence

In the construction of a statute it is the function of the court to discover the intent of the Legislature and to give to the words of the statute the meaning which the Legislature intended. *Lafayette Transportation Service, Inc. v. The County of Robeson,* 283 N.C. 494, 196 S.E. 2d 770 (1973). Where the words of a statute have not acquired a technical or special meaning, they are to be construed according to their common and ordinary meaning. *Parnell-Martin Supply Co., Inc. v. High Point Motor Lodge, Inc.,* 277 N.C. 312, 177 S.E. 2d 392 (1970). There is nothing in the

record to indicate that the Legislature intended that the words "gross incompetence" should be given anything other than their common and ordinary meaning. Webster's Third New International Dictionary (unabr. 1968) defines "incompetence" as a "lack of physical, intellectual, or moral ability" and "gross" as "out-and-out, complete, utter, unmitigated."

Applying the above principles, we think that the term "gross incompetence" was intended by the Legislature to mean a failure on the part of the individual hearing aid dealer to possess the minimum degree of technical expertise or ability required to adequately fit and service hearing aids. Faulkner's failure to make the promised refunds, while reprehensible, fails to demonstrate any lack of competence on his part in selling and fitting hearing aids. The Board's first assignment of error is overruled.

[2] The Board, by its second assignment of error, argues that the superior court failed to make findings set out in writing giving his reasons for reversing the agency's decision as required by G.S. § 150A-51, which provides in pertinent part: "If the Court reverses or modifies the decision of the agency, the judge shall set out in writing, which writing shall become a part of the record, *the reasons for such reversal* or modification." (Emphasis added.)

Under G.S. § 150A-51 the reviewing judge may reverse the agency's decision "if the substantial rights of the petitioners may have been prejudiced because the agency findings, inferences, conclusions, or decisions" are defective for one or more of the six reasons enumerated in the statute. *See* Daye, North Carolina's New Administrative Procedure Act: An Interpretative Analysis, 53 N.C.L. Rev. 833 (1975). If the court reverses the agency's ruling, it must set out in writing the reasons for the reversal.

Although the trial judge mislabeled its reasons for reversing the agency's decision as a "finding of fact" and although this "finding" is terse, we think it is a sufficient statement of the court's reasons and satisfies the requirements of G.S. § 150A-51. When the judge of the superior court sits as an appellate court to review the decision of an administrative agency pursuant to G.S. § 150A-51, the judge is not required to make findings of fact. Indeed, the findings of fact made by the administrative agency, if supported by competent, material and substantial evidence when

viewed on the record as a whole, are conclusive upon the reviewing court. *In re Berman*, 245 N.C. 612, 97 S.E. 2d 232 (1957); *In re Hawkins*, 17 N.C. App. 378, 194 S.E. 2d 540, *appeal dismissed*, 283 N.C. 393, 196 S.E. 2d 275, *cert. denied*, 414 U.S. 1001, 94 S.Ct. 355, 38 L.Ed. 2d 237 (1973). The authority of the judge when reviewing the actions of administrative agencies is limited to affirming, modifying, reversing or remanding the decision of the agency. *Markham v. Swails*, 29 N.C. App. 205, 223 S.E. 2d 920, *appeal dismissed*, 290 N.C. 309, 225 S.E. 2d 829, *cert. denied*, 429 U.S. 940, 97 S.Ct. 356, 50 L.Ed. 2d 310 (1976).

Judge Godwin, in reversing the agency's conclusion, simply stated that the facts found by the agency failed "to support its Conclusion of Law that the Petitioner was grossly incompetent within the purview of G.S. 93D-13(a)(2)." The superior court's conclusion constituted a succinct and adequate statement of its reasons for reversing the agency's decision.

Affirmed.

Judges MORRIS and WEBB concur.