JACK BEHAR AND RITA BEHAR v. TOYOTA OF FAYETTEVILLE, INC. AND SANDTANA INDUSTRIES, INC.

No. 8812SC42

(Filed 21 June 1988)

**Appeal and Error § 14; Rules of Civil Procedure § 58— timeliness of notice of appeal—time of entry of judgment—remand for determination**

A breach of warranty action is remanded for a determination as to when judgment was entered and whether defendants gave notice of appeal within 10 days after entry of the judgment where the record shows that the jury returned a verdict on 8 May awarding plaintiffs $22,900 and requiring plaintiffs to return a motor home to defendant, the clerk marked the judgment in her minutes, a judgment was signed on 26 June, and defendant gave notice of appeal on 1 July, but it cannot be ascertained from the record whether the clerk's writings constituted a notation of the entry of judgment, when the notation was made, and whether it was directed by the trial judge. N.C.G.S. § 1A-1, Rule 58.

APPEAL by defendant, Toyota of Fayetteville (Toyota), from *Herring, Judge.* Judgment entered 26 October 1987 *nunc pro tunc* 31 August 1987 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 10 June 1988.

Plaintiffs instituted this action in contract for breach of warranty. Toyota answered plaintiffs' complaint denying the material

allegations and filed a cross-claim against Sandtana Industries for indemnity or contribution. Following Sandtana Industries' failure to answer, the claims against defendant Sandtana Industries by plaintiffs and Toyota were severed from the trial by jury to be ruled on by the judge. The jury returned a verdict 8 May 1987 against Toyota wherein defendant was to pay plaintiffs $22,900.00 and plaintiffs were to return a 1984 Toyota motor home to Toyota. A judgment against Toyota with indemnification by Sandtana Industries was signed on 26 June 1987 and Toyota gave notice of appeal on 1 July 1987. On 21 August 1987, plaintiffs filed a motion to dismiss the appeal for failure to appeal the judgment entered 8 May 1987 within the ten-day period. From the order entered dismissing its appeal, Toyota appeals.

*Hedahl & Radtke, by Joan E. Hedahl, for plaintiffs-appellees.*

*Rodney A. Guthrie for defendant-appellant.*

SMITH, Judge.

The sole issue on appeal is whether the trial court erred in dismissing Toyota's appeal for failure to give timely notice of appeal. For reasons set out herein, we vacate the order and remand for further proceedings.

The trial court determined that the entry of judgment was 8 May 1987 when the jury returned a verdict requiring Toyota to pay plaintiffs $22,900.00 and requiring plaintiffs to return the 1984 Toyota motor home to Toyota. Toyota contends that the judgment was entered when the 26 June 1987 judgment was filed.

G.S. 1A-1, Rule 58 provides as follows:

> Subject to the provisions of Rule 54(b): Upon a jury verdict that a party shall recover only a sum certain or costs or that all relief shall be denied or upon a decision by the judge in open court to like effect, the clerk, in the absence of any contrary direction by the judge, shall make a notation in his minutes of such verdict or decision and such notation shall constitute the entry of judgment for the purposes of these rules. The clerk shall forthwith prepare, sign, and file the judgment without awaiting any direction by the judge.
>
> In other cases where judgment is rendered in open court, the clerk shall make a notation in his minutes as the

judge may direct and such notation shall constitute the entry of judgment for the purposes of these rules. The judge shall approve the form of the judgment and direct its prompt preparation and filing.

In cases where judgment is not rendered in open court, entry of judgment for the purposes of these rules shall be deemed complete when an order for the entry of judgment is received by the clerk from the judge, the judgment is filed and the clerk mails notice of its filing to all parties. The clerk's notation on the judgment of the time of mailing shall be prima facie evidence of mailing and the time thereof.

The first paragraph of Rule 58 did not apply to the jury's verdict requiring Toyota to pay plaintiffs $22,900.00 since the verdict also required plaintiffs to return the 1984 Toyota motor home to Toyota. The entry of judgment depended therefore on the direction of the trial court as set out in the second paragraph.

The purpose of Rule 58 is to make the time of entry of judgment identifiable so that all parties are given notice of the entry of judgment. *Landlin Ltd. v. Sharon Luggage Ltd.*, 78 N.C. App. 558, 337 S.E. 2d 685 (1985). *See State v. Boone*, 310 N.C. 284, 311 S.E. 2d 552 (1984). In the present case, the court failed to make any findings as to whether the trial judge directed entry of judgment or if and when the clerk noted entry of judgment. The record before us reveals that the clerk marked the judgment in her minutes but we cannot ascertain from the record whether the writings constituted a notation of the entry of judgment, when the notation was made, or whether it was directed by the trial judge. We therefore hold that the order dismissing the appeal be vacated and the case remanded to the trial court for further proceedings.

Upon remand, if the trial court, based on findings of fact and conclusions of law, determines that Toyota made a timely appeal, Toyota shall cause the record on appeal to be settled and certified as provided in Rule 11 of the Rules of Appellate Procedure. The appeal shall be considered as taken on the date of the trial court's entry upon remand.

Vacated and remanded.

Judges PARKER and GREENE concur.