MARVIN E. COBB, Petitioner-Appellant v. ROCKY MOUNT BOARD OF EDUCATION, Respondent-Appellee

No. 907SC908

(Filed 7 May 1991)

**Rules of Civil Procedure § 58 (NCI3d) — time of entry of judgment — notice of appeal timely**

Entry of judgment did not occur on 2 April 1990 when the trial judge announced his ruling in open court and the clerk noted the ruling in the minutes but occurred on 30 April when the trial judge signed the written order that had been drafted by respondent's counsel at the judge's direction, and petitioner's notice of appeal filed on 22 May 1990 was thus timely. Paragraph one of Rule 58 was inapplicable because the trial judge made a "contrary direction" when he directed respondent's counsel to prepare the order; paragraph two of Rule 58 was inapplicable because the judge did not direct the clerk to make a notation of the judgment in the minutes; and paragraph three of Rule 58 did not apply because it deals only with cases in which judgment is not rendered in open court. Entry of judgment did not occur on 2 April because the date was not clearly identifiable as the time the court entered judgment, there was no fair notice to the parties on 2 April that entry of judgment had occurred, and the entry of judgment was not final on 2 April in that the findings of fact and conclusions of law in the order were not set forth until the signing of the order of 30 April.

**Am Jur 2d, Appeal and Error §§ 69, 303; Judgments § 57.**

Judge GREENE concurring.

Judge WELLS dissenting.

APPEAL by petitioner from Order entered 14 June 1990 in EDGECOMBE County Superior Court by *Judge Richard B. Allsbrook.* Heard in the Court of Appeals 20 February 1991.

*East Carolina Legal Services, Inc., by Wesley Abney, for petitioner-appellant.*

*Poyner & Spruill, by Michael S. Colo, Ernie K. Murray and Steven A. Rowe, for respondent-appellee.*

COBB v. ROCKY MOUNT BOARD OF EDUCATION

[102 N.C. App. 681 (1991)]

WYNN, Judge.

The issue on appeal in this case is whether the trial court erred in dismissing the petitioner's appeal for failure to give timely notice of appeal.

The petitioner initially appealed to the Superior Court of Edgecombe County following a denial by the Rocky Mount Board of Education of his request to be reinstated as a school employee. On 2 April 1990, after conducting a hearing on the matter, Judge Richard B. Allsbrook announced in open court that he was denying the relief sought by the petitioner on the ground that the petitioner had been employed at-will by the respondent. Respondent's counsel was directed by Judge Allsbrook to prepare a written Order consistent with his open-court announcement. The record indicates that the clerk of court noted Judge Allsbrook's decision in the court minutes of 2 April 1990.

On 30 April 1990, the trial judge signed the written Order prepared by the respondent's counsel. The petitioner filed a Notice of Appeal to this court on 17 May 1990. On 22 May 1990, the respondent filed a Motion to Dismiss the petitioner's appeal for the reason that the petitioner had failed to timely file his Notice of Appeal. The trial judge found that the Order denying the petitioner's relief was entered on 2 April 1990 and, therefore, dismissed the petitioner's appeal as being untimely. From the Order dismissing his appeal, the petitioner appeals.

I

The dispositive issue in this case is when did the entry of Judgment take place — on 2 April 1990 when the trial judge announced his ruling in open court, which ruling was noted in the minutes by the clerk of court, or, on 30 April 1990 when the trial judge signed the written order that had been drafted by respondent's counsel. For the reasons which follow, we find that the Order from which the petitioner sought to appeal was entered on 30 April 1990 and, therefore, conclude that the petitioner's appeal was timely made.

This case is controlled by the recent decision of *Stachlowski v. Stach*, 328 N.C. 276, 401 S.E.2d 638 (1991), wherein our Supreme Court provided guidance as to when entry of judgment occurs for purposes of determining the timeliness of an appeal. In *Stachlowski*, the Court held that where the procedures of Rule

58 are followed, the entry of judgment occurs when the Clerk of Court makes a notation in the minutes; however, when the "case does not fit squarely within the rubric of Rule 58," the entry of judgment is determined by the "spirit and purpose of the rule." 328 N.C. at 279, 401 S.E.2d 642.

We turn first to a consideration of whether Rule 58 was followed in this case. Rule 58 provides as follows:

> Subject to the provisions of Rule 54(b): Upon a jury verdict that a party shall recover only a sum certain or costs or that all relief shall be denied or upon a decision by the judge in open court to like effect, the clerk, *in the absence of any contrary direction* by the judge, shall make a notation in his minutes of such verdict or decision and such notation shall constitute the entry of judgment for the purposes of the rules.

> In other cases where judgment is rendered in open court, the clerk *shall make a notation in his minutes as the judge may direct and such notation shall constitute the entry of judgment* for the purposes of these rules. The judge shall approve the form of the judgment and direct its prompt preparation and filing.

> In cases where judgment is not rendered in open court, *entry of judgment for the purposes of these rules shall be deemed complete when an order for the entry of judgment is received by the clerk from the judge, the judgment is filed and the clerk mails notice of its filing to all parties.* The clerk's notation on the judgment of the time of mailing shall be prima facie evidence of mailing and the time thereof.

N.C. Gen. Stat. § 1A-1, Rule 58 (1990) (emphasis added).

Applying the mandates of Rule 58 to this case, we find that paragraph one of Rule 58 is inapplicable here because the trial judge made a "contrary direction" when he directed the respondent to prepare the order. *Stachlowski*, 328 N.C. at 280, 401 S.E.2d at 641. Paragraph two is also inapplicable to this case because although the clerk made a notation in the minutes, the record fails to indicate that such entry was made upon the judge's direction. In fact, in the order dismissing the petitioner's appeal as untimely, the trial judge found as a fact that the court's ruling was "noted in the minutes by the Clerk of Court without instructions by the Court." *See generally id.* at 280-81, 401 S.E.2d at

641; *See also Behar v. Toyota of Fayetteville*, 90 N.C. App. 603, 605, 369 S.E.2d 618, 620 (1988). Finally, paragraph three does not apply to this case because it deals with cases where judgment is not rendered in open court.

Having determined above that this case does not "squarely fit within the rubric of Rule 58," we now turn to a consideration of this case in light of the spirit and purpose of Rule 58. In *Stachlowski*, the Court set forth three relevant factors in this part of the analysis: (1) an easily identifiable point at which entry occurred, such that (2) the parties have fair notice of the court's judgment and the time thereof, and that (3) the matters for adjudication have been finally and completely resolved so that the case is suitable for appellate review. 328 N.C. at 287, 401 S.E.2d at 645.

In considering the factors outlined in *Stachlowski*, we find first that 2 April 1990 is not *clearly identifiable* as the time that the court entered judgment. The record indicates that the trial judge announced his decision in open court on that date. However, he did not direct the clerk to enter the judgment and further, he directed the counsel for the prevailing party to prepare the written order. These facts do not support an entry of judgment on 2 April 1990. Nor do we find there to have been *fair notice* to the parties on 2 April 1990 that the entry of judgment had occurred. Here, the trial judge directed the respondent to prepare an order which was to contain findings of fact and conclusions of law that were needed to prepare the record on appeal. In *Stachlowski*, the Court summed the applicability of this factor to cases such as the one at hand by stating: "Thus, in cases where entry of judgment cannot be determined from the express language of Rule 58, fair notice concerns indicate that 'entry' occurs only after draft orders or judgments are submitted to and adopted by the court." 328 N.C. at 283, 401 S.E.2d at 643. Lastly, we conclude that the entry of judgment was not *final* on 2 April 1990. The findings of fact and conclusions of law in Judge Allsbrook's order were not set forth until the signing of the order on 30 April 1990. Again, in *Stachlowski*, the Court stated with respect to this factor that "[I]n cases where Rule 58 does not expressly apply, considerations of finality and fair notice to the parties militate against finding entry of judgment prior to adoption of the requisite findings." 328 N.C. at 286, 401 S.E.2d at 644.

**COBB v. ROCKY MOUNT BOARD OF EDUCATION**

[102 N.C. App. 681 (1991)]

In conclusion, we find that the entry of judgment occurred when the trial judge signed the order on 30 April 1990. As such, petitioner's notice of appeal was timely given and he may now cause the record of appeal to be settled and certified as provided by Rule 11 of the Appellate Rules of Procedure. His appeal shall be considered taken as of the date of the mandate of this opinion.

Reversed and remanded.

Judge GREENE concurs in a separate opinion.

Judge WELLS dissents.

Judge GREENE concurring.

I agree with the majority that entry of judgment in this case occurred when the trial judge signed the judgment on 30 April 1990, and that petitioner's notice of appeal is, therefore, timely. I write separately to make clear that entry of judgment does not necessarily occur when the trial judge signs the proposed judgment.

When judgment is rendered in open court, and no findings of fact and conclusions of law are required, entry of judgment occurs under paragraphs one and two of Rule 58 provided the requirements of those particular paragraphs are met.

When judgment is not rendered in open court, entry of judgment occurs under paragraph three of Rule 58 when the order is signed by the judge, delivered to the clerk of the superior court, filed by the clerk, and the clerk mails a notice of filing to all parties.

When (1) judgment is rendered in open court and findings of fact and conclusions of law are required, or (2) judgment is rendered in open court and no findings of fact or conclusions of law are required but there is a failure to comply with paragraphs one or two of Rule 58, or (3) when judgment is not rendered in open court but there is a failure to comply with paragraph three of Rule 58, then entry of judgment "occurs only after draft orders or judgments are submitted to and adopted by the court," and upon notice of entry to all other parties. *Stachlowski v. Stach*, 328 N.C. 276, 283, 401 S.E.2d 638, 643 (1991). Therefore, entry of judgment cannot occur before the judgment is signed by the

court. However, entry does not occur until all the parties have notice that the judgment has been signed by the trial judge. *Stachlowski* at 287, 401 S.E.2d at 645 (relevant factor in determining entry is whether the party had fair notice of the court's judgment). The burden is on the party claiming the appeal to be untimely to show the date on which notice was received by all parties. This burden can be met and entry deemed complete when the signed judgment is filed with the clerk and the clerk mails notice of its filing to all parties. *Cf.* N.C.G.S. § 1A-1, Rule 58 (similar provision giving rise to entry of judgment for judgments not rendered in open court). In the absence of any evidence of actual notice or a mailing by the clerk, a party filing notice of appeal within thirty days of the signing of the judgment is deemed to have received notice of the signing of the judgment, and entry is deemed to have occurred on the date of the signing of the judgment.

In the present case, the order was rendered in open court and findings of fact and conclusions of law, though made, were not required. *See Overton v. Goldsboro City Board of Education*, 304 N.C. 312, 316, 283 S.E.2d 495, 498 (1981) (applicable standard of review for appeal from local board of education to court is found under N.C.G.S. § 150A-51, now recodified under § 150B-51); *Faulkner v. North Carolina State Hearing Aid Dealers and Fitters Bd.*, 38 N.C. App. 222, 225, 247 S.E.2d 668, 670 (1978) (findings of fact not required in judicial review under N.C.G.S. § 150A-51, now recodified under § 150B-51). Therefore, entry would normally occur under paragraphs one or two of Rule 58 in this situation. However, by directing respondent's counsel to prepare an order, the trial judge gave a "contrary direction" precluding entry under paragraph one. *Stachlowski* at 280, 401 S.E.2d at 641. Paragraph two is inapplicable because the trial judge did not direct the clerk to make a notation in the minutes. Therefore, entry occurred after the trial judge signed the order and fair notice of the signing of the order was given to all parties.

The trial judge signed the order on 30 April 1990, and notice of appeal was filed on 17 May 1990. Even though there is no affirmative evidence of notice, the appeal was made within thirty days after the order was signed and all parties are, therefore, deemed to have received notice of the execution of the order by the trial judge on the day of its execution and the order is deemed to have been entered at that time.

Judge WELLS dissenting.

Within the spirit of *Stachlowski v. Stach*, 328 N.C. 276, 401 S.E.2d 638 (1991), on which the majority relies, I perceive that the spirit and purpose of Rule 58 of the North Carolina Rules of Civil Procedure will be better served in this case by affirming Judge Allsbrook's order of dismissal of this appeal.

Judge Allsbrook, sitting in review of the Board of Education's order, announced in open court his decision to deny plaintiff any relief and gave his reason for that decision. What remained to be done was the mere ministerial act of signing a written judgment *reflecting that decision*. His direction to counsel to draft such order or judgment was not a contrary direction *to the clerk* not to enter judgment on the minutes, as contemplated by Rule 58. In my opinion, entry of judgment took place on 2 April 1990 in open court, and for that reason, this appeal was not timely perfected.