STATE OF NORTH CAROLINA v. MICHAEL TYRONE STOKES

No. COA05-234

(Filed 15 November 2005)

## 1. Motor Vehicles— felonious fleeing to elude arrest—sufficiency of indictment

The indictment was sufficient to charge defendant with felonious fleeing to elude arrest because: (1) the language of the indictment tracks N.C.G.S. § 20-141.5, and alleges all of the elements defined by the statute and the elements necessary to elevate the offense from a misdemeanor to a felony; and (2) the United States Supreme Court has consistently declined to impose a requirement mandating states to prosecute only upon indictments which include all elements of an offense.

## 2. Motor Vehicles— felonious fleeing to elude arrest—jury instructions—gross impairment

The trial court did not commit plain error in a felonious fleeing to elude arrest case by failing to define the legal requirements for the necessary element of "gross impairment" in the jury instructions, because: (1) the language used in the statute and jury instructions accords with the ordinary meaning of the term "gross impairment" and is understandable; and (2) the legislature did not intend for the words "grossly impaired" to mean anything other than their common and ordinary meaning.

## 3. Motor Vehicles— felonious fleeing to elude arrest—theory of guilt

The trial court in a prosecution for felonious fleeing to elude arrest did not improperly instruct the jury on a theory of guilt different from that set forth in the indictment, because: (1) although the State alleged three aggravating factors in the indictment to support the charge, the plain language of the statute only requires proof of two or more of the factors to support a felony conviction; and (2) the State's evidence supported the charges of defendant's reckless driving and gross impairment of defendant's faculties set forth in the indictment.

## 4. Motor Vehicles— felonious fleeing to elude arrest—motion to dismiss—sufficiency of evidence

The trial court did not err in a felonious fleeing to elude arrest case by denying defendant's motions to dismiss at the close

of the State's evidence and at the close of all evidence based on alleged insufficient evidence of speeding and gross impairment, because: (1) the lack of evidence or the State's abandonment of speeding in excess of fifteen miles per hour over the legal speed limit as an aggravating factor did not constitute error when the State was only required to prove two of the three factors listed in the indictment to elevate the crime from a misdemeanor to a felony; and (2) sufficient evidence was presented to support a conclusion by the jury that defendant was grossly impaired including that defendant had a strong odor of alcohol about him; defendant's eyes were very red, glazed, and glassy; defendant's speech was hard to understand; defendant repeatedly used profanity against the officers; defendant told an officer that he was going to die; defendant drove one-half mile with the lower portion of an officer's body hanging out of the window of defendant's vehicle; defendant had to be forcibly removed from his vehicle; and defendant testified he consumed six to seven beers at a local bar between 9:30 pm and 1:00 am, and admitted he was under the influence of alcohol when he pulled off from the traffic stop.

**5. Criminal Law— jury instruction—officer's duty—not improper comment on evidence**

The trial court did not improperly comment on the evidence during its instructions on assault with a deadly weapon on a government officer by its statement that "arresting a person for driving while impaired is a duty of a Greensboro police officer" when there was no evidence that defendant was arrested or charged with driving while impaired where the officer was investigating a possible driving while impaired offense at the time of the alleged assault, and the court's instruction related to whether the officer was performing a duty of his office at the time of the assault.

Appeal by defendant from judgment entered 12 June 2001 by Judge Russell G. Walker, Jr., in Guilford County Superior Court. Heard in the Court of Appeals 19 October 2005.

*Attorney General Roy Cooper, by Assistant Attorney General N. Morgan Whitney, Jr., and Special Deputy Attorney General Melissa L. Trippe, for the State.*

*Stubbs, Cole, Breedlove, Prentis & Biggs, PLLC, by C. Scott Holmes, for defendant-appellant.*

TYSON, Judge.

Michael Tyrone Stokes ("defendant") appeals from judgment entered after a jury found him to be guilty of felonious fleeing to elude arrest. We find no error.

## I. Background

In the early morning hours of 2 September 2000, Greensboro City Police Officer Jeff Mercer ("Officer Mercer") responded to a call reporting a domestic dispute at an apartment complex. Upon arrival, Officer Mercer began to speak with a black male who was walking away from the residence. As they spoke, defendant approached Officer Mercer and began to interrupt him while holding an object in his hand. Officer Mercer testified defendant was angry and that he believed defendant intended to assault the other individual. Officer Mercer told defendant to "back off" and threatened to use Mace. Defendant complied and walked away toward the apartment.

Defendant's estranged wife approached Officer Mercer and identified herself as the person who had made the call. As Officer Mercer interviewed defendant's wife, defendant left the scene in a red pickup truck yelling threats. Officer Mercer contacted Officer T.D. Dell ("Officer Dell") by radio and requested he intercept defendant at the apartment complex. Officer Dell was unable to intercept defendant there but followed him onto eastbound Interstate 40. The speed limit on Interstate 40 was fifty miles per hour due to a construction zone. Officer Dell estimated defendant was traveling approximately seventy-five miles per hour. Officer Dell activated his lights and siren and initiated a traffic stop. Defendant drove one-half mile before pulling over onto the shoulder.

Officer Dell testified that upon approaching defendant's vehicle he noticed a strong odor of alcohol, and that defendant's eyes were very red and glassy. Defendant gave Officer Dell his driver's license upon request, and Officer Dell returned to his patrol car to wait for other officers to arrive. Once other officers arrived, Officer Dell returned to defendant's vehicle and asked defendant if he had been drinking. Defendant denied that he had. When Officer Dell asked defendant to step out of his vehicle, defendant put the truck into gear and attempted to leave the scene.

As defendant pulled away, Officer Dell's hand became pinned inside defendant's truck. Officer Dell jumped into the cab of the truck through the window. His body armor prevented him from getting the

lower half of his body into the truck. Defendant began striking Officer Dell to prevent him from reaching the keys. The truck attained a speed of approximately 45 to 50 miles per hour and traveled approximately one-half mile with Officer Dell hanging out of the window. Defendant was "extremely belligerent, shouting "F—k you. F—k you. F—k you. You're going to die. Get the f—k out of my truck." Defendant's demeanor suddenly changed and he said, "It just doesn't matter. It just doesn't matter." At that point, Officer Dell was able to switch off the ignition and the truck coasted to a stop. Officer Dell testified that defendant's speech was "very thick tongued, mush mouthed, [and] very hard to understand at times."

When the other officers arrived, defendant again became angry. Three officers forcibly removed him from his truck. Defendant was transported to the Guilford County Detention Center where he was administered a breath analysis examination, which registered a blood alcohol level of .12. Defendant became belligerent and refused a second test.

At trial, defendant admitted to having six or seven beers at a bar prior to the incident. Defendant also admitted that he had violated a protective order by going to his wife's residence. Defendant moved to dismiss at the close of the State's evidence and renewed his motion at the close of all evidence. The trial court denied both motions. The jury found defendant to be guilty of felonious fleeing to elude arrest. Defendant pled guilty to having attained habitual felon status and was sentenced to an active term of imprisonment in the mitigated range for a minimum of ninety months and a maximum of 117 months. Defendant appeals.

## II.  Issues

The issues on appeal are whether: (1) the indictment for felony fleeing to elude arrest was fatally defective; (2) the trial court erroneously instructed the jury on the charge of felony fleeing to elude arrest by failing to define the legal requirements for the element of "gross impairment;" (3) the trial court erroneously instructed the jury on the charge of felony fleeing to elude arrest by instructing the jury on a theory of guilt different from that set forth in the indictment where a fatal variance exists between the allegations in the indictment and the evidence introduced at trial; (4) the trial court erred in denying defendant's motion to dismiss due to insufficient evidence of speeding and gross impairment; and (5) the trial court improperly commented on the evidence during the jury instructions.

STATE v. STOKES

[174 N.C. App. 447 (2005)]

## III.  Indictment

**[1]** Defendant first argues the indictment for felony fleeing to elude arrest was fatally defective because it only references penalty enhancements by name and does not set forth the facts necessary for the jury to find them. We disagree.

N.C. Gen. Stat. § 20-141.5 (2003) is entitled "Speeding to Elude Arrest." However, except as provided in N.C. Gen. Stat. § 20-141.5(b)(2) below, the statute does not require the State to prove defendant was speeding to be convicted of violating the statute. The statute provides in part:

(a) It shall be unlawful for any person to operate a motor vehicle on a street, highway, or public vehicular area while fleeing or attempting to elude a law enforcement officer who is in the lawful performance of his duties. Except as provided in subsection (b) of this section, violation of this section shall be a Class 1 misdemeanor.

(b) If two or more of the following aggravating factors are present at the time the violation occurs, violation of this section shall be a Class H felony.

(1) Speeding in excess of 15 miles per hour over the legal speed limit.

(2) Gross impairment of the person's faculties while driving due to:

a. Consumption of an impairing substance; or

b. A blood alcohol concentration of 0.14 or more within a relevant time after the driving.

(3) Reckless driving as proscribed by G.S. 20-140.

Defendant argues the indictment is fatally defective because the facts necessary to show reckless driving and gross impairment were not set forth in the indictment to elevate the crime from a misdemeanor to a felony. The indictment alleges defendant:

unlawfully, willfully and feloniously did operate a motor vehicle on a highway, Interstate 40, while attempting to elude a law enforcement officer, T.D. Dell of the Greensboro Police Department, in the lawful performance of the officer's duties,

stopping the defendant's vehicle for various motor vehicle offenses. At the time of the violation:

1. The defendant was speeding in excess of 15 miles per hour over the legal speed limit.

2. The defendant was driving recklessly in violation of G.S. 20-140.

3. There was gross impairment of the defendant's faculties while driving due to consumption of an impairing substance.

An indictment must charge all the essential elements of the alleged criminal offense. *State v. Thomas*, 153 N.C. App. 326, 335, 570 S.E.2d 142, 147 (2002) (citation omitted). "The elements need only be alleged to the extent that the indictment (1) identifies the offense; (2) protects against double jeopardy; (3) enables the defendant to prepare for trial; and (4) supports a judgment on conviction." *Id.* at 335, 570 S.E.2d at 147-48 (citing *State v. Baynard*, 79 N.C. App. 559, 562, 339 S.E.2d 810, 812 (1986)). "An indictment for a statutory offense is sufficient, as a general rule, when it charges the offense in the language of the statute." *State v. Penley*, 277 N.C. 704, 707-08, 178 S.E.2d 490, 492 (1971) (citations omitted).

The language of the indictment tracks N.C. Gen. Stat. § 20-141.5. Defendant's indictment alleges all of the elements defined by N.C. Gen. Stat. § 20-141.5(a) and the elements necessary to elevate the offense from a misdemeanor to a felony. Our Supreme Court has stated, "the United States Supreme Court has consistently declined to impose a requirement mandating states to prosecute only upon indictments which include all elements of an offense." *State v. Squires*, 357 N.C. 529, 537, 591 S.E.2d 837, 842 (2003), *cert. denied*, 541 U.S. 1088, 159 L. Ed. 2d 252 (2004) (citing *Apprendi v. New Jersey*, 530 U.S. 466, 477, 147 L. Ed. 2d 435, 447 (2000); *Alexander v. Louisiana*, 405 U.S. 625, 633, 31 L. Ed. 2d 536, 533-34 (1972)). The indictment is sufficient to charge defendant with felony speeding to elude arrest. This assignment of error is overruled.

### IV. Jury Instruction on "Gross Impairment"

[2] Defendant contends the trial court erred by failing to define the legal requirements for the necessary element of "gross impairment" in the jury instructions. We disagree.

Defendant failed to object to the jury instructions at trial and may only assert plain error to the trial court's failure to properly instruct the jury. *See State v. Odom*, 307 N.C. 655, 659, 300 S.E.2d 375, 378

(1983); N.C.R. App. P. 10(b)(2) (2004); N.C.R. App. P. 10(c)(4) (2004). Defendant alleges the trial court's failure to properly instruct the jury constitutes plain error. To award a new trial for plain error, the trial court's error must be "so fundamental as to amount to a miscarriage of justice or which probably resulted in the jury reaching a different verdict than it otherwise would have reached." *State v. Bagley*, 321 N.C. 201, 213, 362 S.E.2d 244, 251 (1987), *cert. denied*, 485 U.S. 1036, 99 L. Ed. 2d 912 (1988) (citations omitted).

The North Carolina Pattern Jury Instruction for felony speeding to elude arrest reads in pertinent part:

And Fourth, that two or more of the following factors were present at that time:

[(2) gross impairment of the defendant's faculties while driving due to [consumption of an impairing substance] [a blood alcohol level of 0.14 or more within a relevant time after driving]]

[(3) reckless driving as proscribed by G.S. 20-140 . . .]

N.C.P.I.—Crim. 270.54A. The trial court instructed the jury as follows:

And fourth, the State must prove that both of the following factors were present at the time. First, gross impairment of the defendant's faculties while driving due to consumption of an impairing substance and reckless driving. A person operates a vehicle recklessly when he does so carelessly and heedlessly in willful or wanton disregard of the rights or safety of others, or when he does so without due caution or circumspection and at a speed or in a manner so as to endanger or to be likely to endanger any person or property.

This Court has found no error where the trial court's instruction "tracked the language of the pattern jury instructions" on the offense of Felony Speeding to Elude Arrest. *State v. Funchess*, 141 N.C. App. 302, 309, 540 S.E.2d 435, 439 (2000). Here, the trial court followed the pattern jury instructions. No definition of "gross impairment" appears either in the pattern jury instructions or in N.C. Gen. Stat. § 20-141.5(b)(2). We find no past cases defining "gross impairment" in the context of our Speeding to Elude Arrest statute, N.C. Gen. Stat. § 20-141.5.

This Court has discussed gross impairment in the context of a driving while impaired conviction in *State v. Harrington*, 78 N.C. App. 39, 336 S.E.2d 852 (1985). In *Harrington*, the defendant was

convicted of driving while impaired and assigned as error the trial court's finding the defendant was grossly impaired as an aggravating factor. 78 N.C. App. at 41, 336 S.E.2d at 853. We stated, "In construing 'gross impairment,' the intent of the legislature controls; we look first to the plain and ordinary meanings of the words, with an eye to previous enactments and decisions construing similar statutes." *Id.* at 44-45, 336 S.E.2d at 855 (citing *In re Banks*, 295 N.C. 236, 244 S.E.2d 386 (1978)).

> "Gross impairment" must be defined with reference to "impairment." "Impairment" does not appear to have any special legal meaning, but simply means "weakening, making worse, diminishment." . . . Under our statutes, the consumption of alcohol, standing alone, does not render a person impaired. An effect, however slight, on the defendant's faculties, is not enough to render him or her impaired. . . . On the other hand, the State need not show that the defendant is "drunk," i.e., that his or her faculties are *materially* impaired. The effect must be appreciable, that is, sufficient to be recognized and estimated, for a proper finding that defendant was impaired.

*Id.* at 45, 336 S.E.2d at 855 (internal citations omitted). We noted, "we do not draw a bright line which will mark once and for all where 'impairment' ends and 'gross impairment' begins. That determination must depend on the facts of each individual case." *Id.* at 46-47, 336 S.E.2d at 856. This Court simply stated, " 'gross impairment' is a high level of impairment, higher than that impairment which must be shown to prove the offense of DWI." *Id.* at 46, 336 S.E.2d at 856.

"Gross" is defined in numerous terms. The American Heritage Dictionary includes in its definition of "gross" as meaning "glaringly obvious," "flagrant," "utter," and "unmitigated in any way." *The American Heritage Dictionary of the English Language* 798-99 (3rd ed. 1992). Our Supreme Court has stated the court's role in statutory construction as follows:

> [T]he function of the court is to discover the intent of the Legislature and to give to the words of the statute the meaning which the Legislature had in mind. Unless the contrary appears, it is presumed that the Legislature intended the words of the statute to be given the meaning which they had in ordinary speech at the time the statute was enacted.

*Transportation Service, Inc. v. County of Robeson*, 283 N.C. 494, 499-500, 196 S.E.2d 770, 774 (1973) (internal citations omitted).

Where the words of a statute have not been given a special or technical meaning, courts are to construe them according to their common and ordinary meaning. *Supply Co. v. Motor Lodge*, 277 N.C. 312, 319, 177 S.E.2d 392, 396 (1970).

Defendant does not contest the meaning of the term "grossly impaired" but asserts error due to those words not being defined for the jury in the jury instructions. The language used in the statute and jury instructions accords with the ordinary meaning of the term "grossly impaired" and is clearly understandable. *State v. McNeely*, 244 N.C. 737, 739-40, 94 S.E.2d 853, 855 (1956) (citation omitted).

In *Funchess*, this Court held that a jury instruction on our Speeding to Elude Arrest Statute was sufficient where it tracked the language of the pattern jury instructions. 141 N.C. App. at 309, 540 S.E.2d at 439. Nothing in the record suggests the Legislature intended for the words "gross impairment" to mean anything other than their common and ordinary meaning. *In re Faulkner*, 38 N.C. App. 222, 224-25, 247 S.E.2d 668, 669-70 (Nothing in the record indicated that the Legislature intended the words "gross incompetence" be given anything other than their common and ordinary meaning.)

The Legislature clearly intended the term "gross impairment" to require a level of impairment higher than that necessary to support a DWI conviction. *Harrington*, 78 N.C. App. at 46, 336 S.E.2d at 856. "In *State v. Coker*, 312 N.C. 432, 440, 323 S.E.2d 343, 349 (1984), our Supreme Court noted that there are two ways to prove the single offense of impaired driving: (1) showing appreciable impairment; or (2) showing an alcohol concentration of 0.08 or more." *State v. McDonald*, 151 N.C. App. 236, 244, 565 S.E.2d 273, 277 (2002). Defendant failed to meet his burden of showing that the trial court's failure to further define "gross impairment" amounted to plain error. This assignment of error is overruled.

## V. Variance in the Indictment and Evidence Presented at Trial

[3] Defendant next contends the trial court erred in instructing the jury on a theory of guilt different from that set forth in the indictment. We disagree.

The indictment alleges that defendant attempted to elude a law enforcement officer and that at the time of the violation: (1) he was speeding in excess of fifteen miles per hour over the legal speed limit; (2) he was driving recklessly in violation of N.C. Gen. Stat. § 20-140; and (3) there was gross impairment of defendant's faculties while

driving due to the consumption of an impairing substance. While some evidence was presented at trial that defendant was speeding more than fifteen miles per hour over the legal speed limit at the time he attempted to elude the law enforcement officer, the State elected to proceed upon evidence of the two remaining factors—reckless driving and gross impairment. Defendant argues the State must prove all allegations set forth in the indictment, which includes speeding in excess of fifteen miles over the legal speed limit. This argument is without merit.

The facts in this case are similar to those in *Funchess*, 141 N.C. App. 302, 540 S.E.2d 435. In *Funchess*, the State alleged three aggravating factors in the indictment to support the charge of Felony Speeding to Elude Arrest pursuant to N.C. Gen. Stat. § 20-141.5. 141 N.C. App. at 306, 540 S.E.2d at 438. On appeal, the defendant argued the State was required to prove all three factors beyond a reasonable doubt because all were alleged in the indictment. *Id.* at 310, 540 S.E.2d at 440. This Court, relying on *State v. Moore*, 315 N.C. 738, 340 S.E.2d 401 (1986), found no error and held the plain language of the statute only required proof of two or more of the factors to support a felony conviction. *Id.* Here, the State's evidence supported the charges of defendant's reckless driving and gross impairment of defendant's faculties set forth in the indictment. This assignment of error is overruled.

## VI.  Motions to Dismiss

[4] Defendant argues the trial court erred in denying defendant's motions to dismiss at the close of the State's evidence and at the close of all evidence because insufficient evidence of speeding and gross impairment was presented at trial. We disagree.

The lack of evidence or the State's abandonment of speeding in excess of fifteen miles per hour over the legal speed limit as an aggravating factor did not constitute error. The State was only required to prove two of the three factors listed in the indictment to elevate the crime from a misdemeanor to a felony. N.C. Gen. Stat. § 20-141.5. The sole issue in this assignment of error is whether substantial evidence was presented to support a conclusion that defendant's faculties were grossly impaired while driving due to the consumption of an impairing substance.

When a defendant moves for dismissal, the trial court is to determine only whether there is substantial evidence of each essential

element of the offense charged and of the defendant being the perpetrator of the offense. *State v. Earnhardt*, 307 N.C. 62, 65-66, 296 S.E.2d 649, 651 (1982). Whether evidence presented constitutes substantial evidence is a question of law for the court. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith*, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980).

*State v. Vause*, 328 N.C. 231, 236, 400 S.E.2d 57, 61 (1991). The trial court "must view the evidence in the light most favorable to the State, giving the State the benefit of all reasonable inferences . . . Contradictions and discrepancies do not warrant dismissal of the case but are for the jury to resolve." *State v. Fritsch*, 351 N.C. 373, 378-79, 526 S.E.2d 451, 455 (2000) (citation omitted).

Defendant contends the trial court should have dismissed the charges because the evidence at trial only showed "appreciable impairment" rather than "gross impairment." The State presented evidence tending to show: (1) defendant had a strong odor of alcohol about him; (2) defendant's eyes were "very red, glazed, [and] glassy;" (3) defendant's speech was "mush mouthed" and "very hard to understand;" (4) defendant repeatedly used profanity against the officers; (5) defendant told Officer Dell that he was "going to die;" (6) defendant drove one-half mile with the lower portion of Officer Dell's body hanging out of the window of his vehicle; (7) defendant had to be forcibly removed from his vehicle; and (8) defendant testified that he consumed six to seven beers at a local bar between 9:30 p.m. and 1:00 a.m. and admitted he was under the influence of alcohol when he pulled off from the traffic stop. Sufficient evidence was presented to support a conclusion by the jury that defendant was grossly impaired. This assignment of error is overruled.

## VII.  Comment on the Evidence

[5]  Defendant contends the trial court improperly commented on the evidence during the jury instructions. The court instructed the jury that "arresting a person for driving while impaired is a duty of a Greensboro police officer" when there was no evidence defendant was arrested or charged with driving while impaired. We disagree.

N.C. Gen. Stat. § 15A-1222 (2003) prohibits a trial judge from expressing any opinion in the presence of the jury on any question of fact. "It is fundamental to our system of justice that each and every person charged with a crime be afforded the opportunity to be tried

STATE v. STOKES

[174 N.C. App. 447 (2005)]

'before an impartial judge and an unprejudiced jury in an atmosphere of judicial calm.' " *State v. Harris*, 308 N.C. 159, 167, 301 S.E.2d 91, 97 (1983) (quoting *State v. Carter*, 233 N.C. 581, 583, 65 S.E.2d 9, 10 (1951)). "The charge, however, must be viewed contextually, and whether a defendant was unduly prejudiced by the trial judge's remarks is determined by the probable effect on the jury in light of all the attendant circumstances, the burden being on defendant to show prejudice." *State v. Lofton*, 66 N.C. App. 79, 84-85, 310 S.E.2d 633, 636-37 (1984) (citations omitted). "If the charge presents the law fairly and clearly to the jury, the fact that some expressions, standing alone, might be considered erroneous will afford no ground for reversal." *State v. Lee*, 277 N.C. 205, 214, 176 S.E.2d 765, 770 (1970) (citations omitted).

The trial court made the statements defendant challenges within its recitation of the jury instruction on the charge of Assault with a Deadly Weapon on a Government Officer. The trial court instructed the jury as follows:

> Third, that the victim was an officer of a political subdivision of the State. A Greensboro police officer is an officer of a political subdivision of the State. And fourth, that the victim was performing a duty of his office. Arresting a person for driving while impaired is a duty of a Greensboro police officer.

The trial court was explaining to the jury that the victim of the assault must have been an "officer of a political subdivision of the State" who was "performing a duty of his office." At the time of the alleged offense, Officer Dell was investigating a possible driving while intoxicated offense. Defendant smelled of alcohol and his eyes were red and glassy. The trial court charged that Officer Dell was discharging a duty of his office at the time of the alleged assault and was not commenting on the evidence. This assignment of error is overruled.

## VIII. Conclusion

Defendant's indictment for felony fleeing to elude arrest was not fatally defective. Defendant has failed to show plain error by the trial court in following the pattern jury instructions and the language of the statute without specifically defining "gross impairment" or in instructing the jury on a theory of guilt different from that set forth in the indictment.

The trial court did not err in denying defendant's motions to dismiss and did not improperly comment on the evidence to the jury.

Defendant received a fair trial, free from errors he preserved, assigned, and argued.

No error.

Judges JACKSON and JOHN concur.