FORSYTH COUNTY BOARD OF SOCIAL SERVICES AND FORSYTH COUNTY DEPARTMENT OF SOCIAL SERVICES v. DIVISION OF SOCIAL SERVICES, AND DIVISION OF MEDICAL ASSISTANCE, NORTH CAROLINA DEPARTMENT OF HUMAN RESOURCES, AND CALVIN TROGDON

No. 8421SC207

(Filed 5 February 1985)

Social Security and Public Welfare § 1— paralyzed individual—motorcycle as essential vehicle—total countable assets—Medicaid

An individual who was paralyzed from the armpits down qualified for Medicaid benefits since a motorcycle owned by him and used before his accident for all his transportation needs, including going to and from work and going for medical care, was an essential vehicle and therefore excludable from his countable assets, and, when so excluded, the injured man's countable assets did not exceed $1,000.

APPEAL by petitioners from *Hairston, Judge.* Judgment entered 19 August 1983 in Superior Court, FORSYTH County. Heard in the Court of Appeals 14 November 1984.

On 29 June 1981, Calvin Trogdon was injured in a motorcycle accident which left him permanently paralyzed from the armpits down. On 21 September 1981, persons acting on behalf of Trogdon filed with petitioner an application seeking Aid to Families with Dependent Children benefits. These persons later submitted an application on behalf of Trogdon for Medicaid benefits. The For-

syth County Department of Social Services merged the two applications into one. On 17 February 1982, the Forsyth County Department of Social Services approved Trogdon's application for Medicaid, with an effective date of 28 January 1982 instead of the application date of 21 September 1981. This decision was affirmed by the Forsyth County Board of Social Services. From the denial of Medicaid benefits from the date of application, 21 September 1981, Trogdon appealed to the North Carolina Department of Human Resources, Division of Social Services and Division of Medical Assistance. A hearing was held before a Department of Human Resources hearing officer, who reversed the decision of the Forsyth County Department of Social Services which denied benefits from 21 September 1981. The Department of Human Resources subsequently affirmed and adopted the decision of the hearing officer. The Forsyth County Department of Social Services and the Forsyth County Board of Social Services filed a petition for judicial review in Forsyth County Superior Court. After reviewing the record and briefs of the parties, the Forsyth County Superior Court found and concluded the Department of Human Resources' decision was supported by substantial evidence and complied with the law and regulations. Petitioners appeal.

*Bruce E. Colvin, for petitioner appellants.*

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Steven Mansfield Shaber, for respondent appellees.*

JOHNSON, Judge.

At the time Trogdon applied for Medicaid, in order for a single applicant to qualify for Medicaid benefits, the value of the applicant's countable assets could not exceed the sum of $1000. 10 N.C.A.C. 32F.0101 (1980).[1] The foregoing sum was called the reserve maximum. *Id.* The value of Trogdon's assets, which included one motorcycle, exceeded the sum of $1000. The rules and regulations promulgated by the Department of Human Resources ("Department") pursuant to the authority delegated it by G.S. 108-23 and 143B-155, however, allowed certain assets to be excluded from the reserve maximum. One such excludable asset was "[o]ne vehicle of any value which is specially equipped for a

---

1. Subchapter 32F.0101 was repealed effective 1 September 1984.

disabled individual, used to obtain medical care, or used to obtain or retain employment. . . ." 10 N.C.A.C. 33E.0204 (1980).[2] Such a vehicle was called an "essential vehicle." If the value of Trogdon's motorcycle was excludable as an essential vehicle, the value of Trogdon's assets fell below the reserve maximum. The dispositive question, therefore, is whether Trogdon's motorcycle qualified as an essential vehicle.

The Department hearing officer found that prior to the accident Trogdon had used the motorcycle for "all of the transportation requirements of normal living, including transportation to and from work." Based upon the foregoing finding and a construction of 10 N.C.A.C. 33E.0204, the Department hearing officer concluded that Trogdon's motorcycle qualified as an essential vehicle. The hearing officer further added: "Although his resultant disability caused the motorcycle to be clearly inappropriate to his needs for an indefinite period of time, it would remain the essential vehicle until recovery permitted its usual and customary use, or until it was replaced by a more appropriate essential vehicle."

The findings of fact of an administrative agency are conclusive if they are supported by competent, material and substantial evidence when the record is reviewed as a whole. *In re Faulkner v. North Carolina State Hearing Aid Dealers and Fitters Board*, 38 N.C. App. 222, 247 S.E. 2d 668 (1978). Moreover, "[t]he construction of statutes adopted by those who execute and administer them is evidence of what they mean." *State of North Carolina ex rel. Commissioner of Insurance v. North Carolina Automobile Rate Administrative Office*, 294 N.C. 60, 67, 241 S.E. 2d 324, 329 (1978). The evidence was uncontradicted that Trogdon used the motorcycle as his primary means of transportation to and from work and to medical care prior to the accident.

Petitioners urge a literal interpretation of the definition of an essential vehicle. They argue that since the definition is worded in the present tense, and that since the motorcycle was not being used for any of the listed purposes at the time of application, it did not qualify as an essential vehicle. They claim the Department's construction would lead to absurd consequences.

2. Chapter 33 was repealed effective 1 January 1983.

However, when a strict literal interpretation of the language of a statute contravenes its manifest purpose, the reason and purpose of the law should control and its strict letter should be disregarded. *In re Hardy*, 294 N.C. 90, 240 S.E. 2d 367 (1978). In accepting federal grants for the institution of the Medicaid program, the General Assembly declared that the provisions of statutes concerning Medicaid should be liberally construed towards carrying out the intent of the federal act which granted the funds. G.S. 108-59, 108-61. The stated purpose of Medicaid is to furnish medical assistance and rehabilitation and other services on behalf of families with dependent children, and of aged, blind or disabled individuals whose income and resources are insufficient to meet the costs of necessary medical services. 42 U.S.C. sec. 1396 (1983). Further, the standards, policies, and procedures for determining eligibility adopted by the Medicaid agency must be consistent with the objectives of the Medicaid program and the best interests of the applicant or recipient. 42 C.F.R. secs. 435.902 & .903 (1983).

Petitioners' argument is the one which leads to absurd consequences. Under petitioners' interpretation, if Trogdon had not been so severely injured, he would have been able to use the motorcycle to obtain medical treatment and would have qualified for Medicaid benefits, but since Trogdon was paralyzed, he could not qualify. Such an interpretation is clearly contrary to the legislative intent. We believe the Department's decision is a common sense one, consistent with the purpose of the Medicaid program.

For the foregoing reasons, we hold that the regulation was properly construed and applied, and that the findings of fact were supported by competent, material and substantial evidence.

Affirmed.

Judges WHICHARD and PHILLIPS concur.