HOSPITAL GROUP OF WESTERN NORTH CAROLINA, INC. v. NORTH CAROLINA DEPARTMENT OF HUMAN RESOURCES

No. 8410DHR1194

(Filed 6 August 1985)

1. **Constitutional Law § 1.1; Hospitals § 2.1— certificate of need statute—constitutionality not properly before the court**

   The constitutionality of the certificate of need statute, G.S. 131E-175 *et seq.*, was not properly before the court where the hearing officer and the director of the Division of Facility Services had appropriately declined to decide the issue because they lacked authority to rule on constitutionality. A party who seeks to challenge the constitutionality of a statute such as this must bring an action pursuant to the Declaratory Judgment Act. G.S. 1-253 *et seq.*, G.S. 131E-188(b).

2. **Hospitals § 2.1— denial of certificate of need—whole record test—findings supported by evidence**

   Respondent's findings of fact regarding the review criteria set forth in G.S. 131E-183 were supported by competent, material and substantial evidence under the whole record test.

APPEAL by petitioner from the Division of Facility Services of the North Carolina Department of Human Resources. Order en-

tered 24 September 1984. Heard in the Court of Appeals 4 June 1985.

Petitioner Hospital Group of Western North Carolina, Inc., (hereinafter HGA) applied to the Certificate of Need Section (hereinafter Section) of the Department of Human Resources for a certificate of need to construct a psychiatric hospital with private funds in Morganton. The Section rejected petitioner's request stating, among other things, that the construction of such a hospital would be in excess of bed need in that particular geographic area.

Petitioner requested a hearing which was held on 8 and 9 May 1984, before a hearing officer. On 8 May 1984, petitioner filed a motion that the hearing officer declare G.S. 131E-175, *et seq.*, the certificate of need statute unconstitutional. After making extensive findings of fact and conclusions of law, the hearing officer recommended "that the application for a certificate of need . . . be denied," and concluded "as a matter of law that she [was] without authority to rule on the constitutionality of the certificate of need law . . ." and recommended that petitioner's motion to have the statute declared unconstitutional be denied.

Petitioner requested oral argument, which was held before the Director of the Division of Facility Services (hereinafter Director) on 12 September 1984, which rendered a final agency decision upholding the denial of the certificate of need and stating that "[p]etitioner's motion to declare the Certificate of Need Law unconstitutional is denied." On 4 October 1984, petitioner appealed the final agency decision.

*Attorney General Thornburg by Associate Attorney General Gayl M. Manthei and Assistant Attorney General John R. Corne for respondent-appellee.*

*Redmond, Stevens, Loftin & Currie, P.A. by Thomas R. West; and Herbert L. Hyde for petitioner-appellant.*

PARKER, Judge.

On appeal, petitioner presents two questions for review: (i) whether G.S. 131E-175, *et seq.*, is constitutional, and (ii) whether certain findings of fact and conclusions of law are supported by the evidence.

[1]  Petitioner contends that G.S. 131E-175, *et seq.*, is unconstitutional and notes that our Supreme Court, in *In re Hospital*, 282 N.C. 542, 193 S.E. 2d 729 (1973), struck down the former certificate of need law, codified at G.S. 90-291, *et seq.*, because it constituted a deprivation of liberty in violation of Article I, § 19 of the North Carolina Constitution. After *Hospital* was decided and after Congress passed the National Health Planning and Resource Development Act of 1974 requiring a state certificate of need program as a prerequisite to obtaining federal health program financial grants, our General Assembly enacted G.S. 131E-175, *et seq.*, in 1977. Petitioner urges this Court to strike down this statute as unconstitutional based on the *Hospital* decision. However, the constitutional question is not properly before this Court.

The appeal of a final agency decision of the Division of Facility Services is controlled by G.S. 131E-188(b) (amended 1 October 1984), which in pertinent part provides:

> Any affected person who was a party in a contested case hearing shall be entitled to judicial review of all or any portion of any final decision of the Department in the following manner. The appeal shall be to the Court of Appeals as provided in G.S. 7A-29(a).

Under this statute, as amended, this Court is the proper forum only for review of "all or any portion of any final decision."

In our view the denial of petitioner's motion was not a final decision on the constitutional issue. Appellate courts "will not pass upon a constitutional question unless it affirmatively appears that such question was raised and passed upon in the court below." *State v. Jones*, 242 N.C. 563, 564, 89 S.E. 2d 129, 130 (1955). The record clearly reflects that the hearing officer determined that she lacked the authority to rule on the constitutionality of the law and denied petitioner's motion to that effect. The final decision from which petitioner appealed also denied petitioner's motion to declare the law unconstitutional. These agency officials appropriately declined to decide the issue for the reason that they lacked authority to rule on the constitutionality of this law. As stated in *Insurance Co. v. Gold*, 254 N.C. 168, 173, 118 S.E. 2d 792, 796 (1961), "[a]dministrative boards have only such authority as is properly conferred upon them by the Legislature.

The question of constitutionality of a statute is for the judicial branch."

By amending G.S. 131E-188(b), the Legislature has opted to bypass the superior court in a contested certificate of need case, and review of a final agency decision is properly in this Court. However, a party who seeks to challenge the constitutionality of a statute such as this must bring an action pursuant to G.S. 1-253, *et seq.*, the Declaratory Judgment Act. *Jernigan v. State*, 279 N.C. 556, 184 S.E. 2d 259 (1971). A statute may be declared unconstitutional "in a properly constituted action under the Declaratory Judgment Act when a specific provision of a statute is challenged by a person directly and adversely affected thereby." *Id.* at 562, 184 S.E. 2d at 264. Having determined that the constitutional question is not properly before this Court, we now examine petitioner's remaining assignments of error.

[2]  The scope of review of an agency decision is the "whole record" test. Under this test, "[t]he findings of fact of an administrative agency are conclusive if they are supported by competent, material and substantial evidence when the record is reviewed as a whole." *Forsyth County Bd. of Social Services v. Division of Social Services*, 72 N.C. App. 645, 647, 325 S.E. 2d 47, 49 (1985). This includes evidence which supports and evidence which detracts from the agency decision. *Thompson v. Board of Education*, 292 N.C. 406, 410, 233 S.E. 2d 538, 541 (1977). The Supreme Court, in *In re Rogers*, 297 N.C. 49, 65, 253 S.E. 2d 912, 922 (1979), stated: "The 'whole record' test is not a tool of judicial intrusion; instead, it merely gives a reviewing court the capability to determine whether an administrative decision has a rational basis in the evidence."

In order to qualify for a certificate of need, a petitioner must prove that the proposed project conforms to certain review criteria set forth in G.S. 131E-183, and certain state and federal regulatory review criteria. Respondent found that HGA did not conform to these criteria. Although set out in several separate assignments of error, the petitioner contends the respondent erroneously determined that (i) to build the facility proposed by HGA would be in excess of the need for such a hospital in that geographic area, (ii) HGA had demonstrated insufficient support for the proposed hospital from the providers of mental health serv-

ices in the area, (iii) to build the proposed hospital would result in unnecessary expenditures, (iv) to build the proposed hospital would impact negatively on the operational efficiency of other providers of psychiatric services, (v) the medically underserved population in the proposed services area would not have adequate physical access to the proposed hospital, and (vi) there was no need for the proposed hospital because competition does not appropriately allocate the supply of inpatient health services and therefore must be regulated. We consider each of these assignments separately as follows:

(i) Petitioner contends the Director erred in determining that the proposed services were in excess of the identified need for these services. The parties stipulated that the adjusted projected number of psychiatric beds needed for that entire geographic area was eighty-nine. Petitioner contends that its proposed hospital was not in excess of need since the sixty beds it applied for was less than the eighty-nine needed. Respondent counters this by asserting that the eighty-nine bed need was for an area which covered twenty-nine counties in Western North Carolina, and that the area petitioner proposed to serve encompassed only eleven of those counties. Respondent's methodology indicated that there was already an excess of five beds in that eleven county area. Although respondent chose to limit the proposed service area to the eleven county area indicated in petitioner's application rather than to the entire twenty-nine county area as it could have done, there was substantial evidence from which the Director could find that petitioner's proposed facility would exceed the projected bed need in that area.

(ii) Petitioner contends the Director erred in determining that there was insufficient support for the proposed hospital from the providers of mental health services in the area. The parties agree that support for the facility is not determinative of the need for the facility, but that support for the facility reflects solely upon the financial feasibility of the proposal. Respondent asked petitioner for letters from "physicians, community mental health centers, schools, churches, the court systems and other groups/individuals who could affect the projects [sic] success." Respondent received eight letters of support. None of these letters were from schools or from the courts, and all of the letters received were from only one county out of the twenty-nine county area. There-

fore, there was substantial evidence to support the Director's determination.

(iii) Petitioner contends the Director erred in finding that the proposed hospital would result in unnecessary expenditures. Petitioner is particularly concerned by the fact that this finding was made, yet the Section found that it was "without sufficient information and or knowledge to formulate an answer," as to what expenditures would be "unnecessary." The respondent asserts that when the Legislature enacted G.S. 131E-175, it determined that excess capacity causes unnecessary expenditures and that respondent is not charged with determining in each case which proposed expenditures would be unnecessary. Given the findings of fact made by the Legislature in G.S. 131E-175, the Director's finding was not erroneous.

(iv) Petitioner contends the Director erred in determining that approval of the proposed hospital would impact negatively on the operational efficiency of other providers of psychiatric services. Respondent contends that the development of services considered to be in excess of need results in the underutilization of existing and proposed services which leads to higher costs and charges for such services, and that by enacting G.S. 131E-175, the Legislature determined that excess capacity results in a negative impact on costs and charges. Petitioner failed to present any evidence to the contrary on this issue.

(v) Petitioner contends that the Director erroneously determined that the medically underserved would not have physical access to the proposed services. Petitioner argues that handicapped and Willie M patients will be provided for and that it will serve the medically indigent population. Respondent did not deny the certificate because of the lack of proposed available services to the underserved population. Rather, respondent contends that because petitioner failed to demonstrate that it would receive support from mental health care providers, that people in need of such care will not be referred to the facility, thereby creating a physical access barrier to some medically underserved individuals. This finding was based on substantial evidence.

(vi) Petitioner contends the Director erred in determining that there was no need for the proposed facility. In 42 U.S.C. § 300K-2(b), Congress determined that competition does not ap-

propriately allocate the supply of inpatient health services, and such services must be regulated. Respondent asserts that the Legislature, in enacting G.S. 131E-175, determined this to be true, and that petitioner failed to present any evidence to the contrary. In the absence of evidence to the contrary, the Director's determination must be upheld.

We have carefully examined the record, briefs, transcript and the exhibits submitted in this matter. "Once all the competent evidence in the record has been examined, the reviewing court must decide if it is substantial." *Thompson, supra.* "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Commissioner v. Bureau,* 292 N.C. 70, 80, 231 S.E. 2d 882, 888 (1977), and "is more than a scintilla or a permissible inference." *Commissioner v. Automobile Rate Office,* 287 N.C. 192, 205, 214 S.E. 2d 98, 106 (1975). "The 'whole record' test does not allow the reviewing court to replace the Board's judgment as between two reasonably conflicting views, even though the court could justifiably have reached a different result had the matter been before it *de novo.*" *Thompson, supra.*

Based on the foregoing principles, we hold that the findings of fact were supported by competent, material and substantial evidence.

Affirmed.

Judges ARNOLD and MARTIN concur.