**In re Conditional Approval of Certificate of Need**

---

IN RE: CONDITIONAL APPROVAL OF CERTIFICATE OF NEED APPLICA-
TION OF HEALTH CARE & RETIREMENT CORPORATION OF AMERICA
(PROJECT I.D. NO. Q-2155-84) AND DENIAL OF CERTIFICATE OF NEED
APPLICATION OF BRITTHAVEN, INC. (PROJECT I.D. NO. Q-2142-84)
(BERTIE COUNTY) 85 DFS 28

No. 8710DHR345

(Filed 2 February 1988)

1. **Hospitals § 2.1— certificate of need—site of hospital—completeness of application**

There was no merit to petitioner's contention that respondent's application for a certificate of need for a health care facility was incomplete because information furnished about the project site was vague and indefinite, since respondent assured the project analyst for the Bertie County review that it would forward the information about the site as soon as it was available, and the specific information requested was furnished after an option was obtained; the site information did not change the proposal in any material or practical sense and was not unauthorized, and so there was no improper amendment of respondent's application; and it was not erroneous that the Hearing Officer conditioned her approval of respondent's application upon information to be furnished later, since the Hearing Officer's decision was reviewed and adopted as its own by the Secretary of the Department of Human Resources, and N.C.G.S. § 131E-185 authorizes the Department to issue the certificate of need with or without conditions.

2. **Hospitals § 2.1— certificate of need—community support—showing supplied by competitor**

A finding that respondent's application for a certificate of need had community support was supported by several letters furnished by petitioner and other applicants stating that any nursing facility built in Bertie County would be well received and supported and by testimony at the hearing, elicited by petitioner, that Bertie County Hospital would support the facility regardless of who built it.

3. **Hospitals § 2.1— certificate of need—one application financially superior to another—sufficiency of showing**

The finding that respondent's application for a certificate of need for a health care facility was financially superior to petitioner's was supported first by the analysis of a CPA who reported that petitioner's parent company was thinly capitalized, had little net worth, was heavily in debt, and that its project would probably sustain losses in operating the facility the first two years that it could not cover; and second by evidence that respondent had substantial cash reserves which could be applied to its project, that its plan was financially more feasible over the long run, and that it was financially able to cover the start up losses.

APPEAL by petitioner Britthaven, Inc. from the decision of the North Carolina Department of Human Resources, Division of Facility Services, filed 7 November 1986. Heard in the Court of Appeals 21 October 1987.

In June, 1984, the State Medical Facilities Plan identified a need for 82 nursing beds in Bertie County. Britthaven, Inc. applied for the privilege of meeting that need by proposing to construct a three purpose facility that provided 118 beds—42 for a skilled nursing facility, 40 for an intermediate care facility, and 38 for housing the elderly. Health Care & Retirement Corporation of America proposed to meet the need by constructing a three purpose facility containing 100 beds—40 for skilled nursing, 42 for intermediate care, and 18 for the elderly. After Britthaven's application was received on 9 November 1984 the project analyst for the Bertie County review notified it that certain additional information was needed to complete its application, and on 26 November 1984 Britthaven furnished the information requested. On 26 November 1984 the analyst asked Health Care & Retirement Corporation of America for additional information concerning the site of its proposed facility and the willingness of local human service agencies and physicians to refer patients to the facility. Though Health Care's response was that it had not selected a site or sought proof of community support, but would forward that information after it had taken both steps, on 30 November 1984 the analyst deemed both applications to be complete and scheduled them for review. On 20 December 1984 Health Care notified the project analyst that it had selected a site for the proposed facility and acquired an option for its purchase that could be extended until 26 June 1985. On 23 January 1985 the applications were reviewed by the Eastern Carolina Health Systems Agency, which recommended that Britthaven's application be approved; but after the analyst for the Certificate of Need Section reviewed the applications she recommended that Health Care's application be approved and that recommendation was accepted by the Department of Human Resources. Pursuant to Britthaven's request a contested case hearing was then held, following which a final agency determination was made to approve Health Care's application subject to it showing that the site it identified during the review was still available. Britthaven's appeal is from that determination.

*Attorney General Thornburg, by Assistant Attorney General Barbara P. Riley and Assistant Attorney General Richard A. Hinnant, Jr., for appellee N.C. Department of Human Resources.*

*Hunton & Williams, by Edward S. Finley, Jr. and John R. McArthur, for appellee Health Care & Retirement Corporation of America.*

*Bode, Call & Green, by Robert V. Bode, Nancy O. Mason, and S. Todd Hemphill, for appellant Britthaven, Inc.*

PHILLIPS, Judge.

Our review of this appeal is governed by G.S. 150A-51, the most pertinent parts of which state that:

> The court may affirm the decision of the agency or remand the case for further proceedings; or it may reverse or modify the decision if the substantial rights of the petitioners may have been prejudiced because the agency findings, inferences, conclusions, or decisions are:
>
> . . . .
>
> (5) Unsupported by substantial evidence admissible under G.S. 150A-29(a) or G.S. 150A-30 in view of the entire record as submitted; or
>
> (6) Arbitrary or capricious.

Britthaven first argues that the findings of fact and conclusions of the analyst are not supported by substantial evidence. In reviewing this contention we must consider the whole record. G.S. 150A-51(5); *Hospital Group of Western North Carolina, Inc. v. North Carolina Department of Human Resources,* 76 N.C. App. 265, 332 S.E. 2d 748 (1985). In doing so we must "examine all of the competent evidence, pleadings, etc., which comprise the 'whole record' to determine if there is substantial evidence *in the record* to support the administrative tribunal's findings and conclusions." *Community Savings & Loan Association v. North Carolina Savings & Loan Commission,* 43 N.C. App. 493, 497, 259 S.E. 2d 373, 376 (1979). (Emphasis in original.) The three main findings and conclusions that Britthaven contends are not supported by evidence are those indicating that Health Care has a suitable site for the project, community support and financial feasibility. None of these contentions has merit.

[1]    10 N.C. Admin. Code Sec. 3R.1119 states:

> (a) A proposal to provide new or expanded skilled nurs-
> ing and/or intermediate care services must specify the site on
> which the services are to be operated. If such site is neither
> owned by nor under option to the proponent, the proponent
> must provide a written commitment to diligently pursue ac-
> quiring the site if and when health planning approvals are
> granted, must specify a secondary site on which the services
> could be operated should acquisition efforts relative to the
> primary site ultimately fail, and must demonstrate that the
> primary and secondary sites are available for acquisition.

Britthaven contends that Health Care's application was in-
complete under this criteria because the information furnished
about the project site was vague and indefinite. But Health Care
had assured the analyst it would forward the information about
the site as soon as it was available and the specific information
requested was furnished after an option was obtained. Nor was
this an improper amendment of Health Care's application, as
Britthaven contends. The site information did not change the pro-
posal in any material or practical sense and was not unauthorized.
*See, In re Humana Hospital Corporation, Inc. v. North Carolina
Department of Human Resources*, 81 N.C. App. 628, 345 S.E. 2d
235 (1986). Nor was it erroneous, as Britthaven further complains,
that the Hearing Officer conditioned her approval of Health
Care's application upon information to be furnished later, rather
than return the case to the analyst for further review. The Hear-
ing Officer's decision was reviewed and adopted as its own by the
Secretary of the Department of Human Resources and G.S.
131E-185 authorizes the Department to issue the Certificate of
Need with or without conditions.

[2]    The second insufficiency in Health Care's application that
Britthaven complains about is its failure to provide, as the ap-
plication form requested, "any documented evidence of specific
support for your proposal from physicians, community and social
service organizations, or health-related agencies." But the
analyst's finding that Health Care's application had community
support is supported by several letters furnished by Britthaven
and other applicants stating *that any nursing facility built in Ber-
tie County would be well received and supported,* and by testi-

mony at the hearing, elicited by Britthaven, that Bertie County Hospital would support the facility, regardless of who built it. Though not presented by Health Care, this evidence was pertinent to the issue of community support and was properly considered by the Hearing Officer. *In re Application of Wake Kidney Clinic, P.A.*, 85 N.C. App. 639, 355 S.E. 2d 788 (1987).

[3] And the finding that Health Care's application is financially superior to Britthaven's is supported first by the analysis of a Certified Public Accountant, who reported that Britthaven's parent company is thinly capitalized, has little net income, is heavily in debt, and that its project would probably sustain losses in operating the facility the first two years that it could not cover; and second by evidence that Health Care has substantial cash reserves that can be applied to their project, that its plan is more financially feasible over the long run, and that it is financially able to cover the start up losses.

Britthaven's other contentions that the decision was arbitrary and capricious, and that Health Care's witnesses, Jenkins and Grissom, were erroneously permitted to testify as experts under the provisions of Rule 702, N.C. Rules of Evidence, are likewise without merit. Since we have determined that the Department decision is supported by substantial evidence, the contention that the decision was arbitrary and capricious requires no discussion; nevertheless, we note that the record indicates that the analyst methodically checked each individual application against the 21 review criteria, confined her analysis to the evidence and information submitted, requested additional information when needed, sought outside assistance in areas where she lacked expertise, and that the decision was fairly made after carefully considering the evidence received. And the record shows that both witnesses complained of were well qualified by knowledge and experience to testify as experts, one having been a Certificate of Need project analyst for over five years, during the course of which she had reviewed over 200 projects, and the other having conducted over 500 Certificate of Need reviews.

Affirmed.

Judges BECTON and GREENE concur.