IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-412

No. COA21-558

Filed 21 June 2022

Wake County, No. 20 CVS 05150

JAY SINGLETON, D.O., and SINGLETON VISION CENTER, P.A., Plaintiffs,

v.

NORTH CAROLINA DEPARTMENT OF HEALTH AND HUMAN SERVICES; ROY COOPER, Governor of the State of North Carolina, in his official capacity; MANDY COHEN, North Carolina Secretary of Health and Human Services, in her official capacity; PHIL BERGER, President Pro Tempore of the North Carolina Senate, in his official capacity; and TIM MOORE, Speaker of the North Carolina House of Representatives, in his official capacity, Defendants.

Appeal by plaintiffs from order entered 11 June 2021 by Judge Michael O'Foghludha in Wake County Superior Court. Heard in the Court of Appeals 22 March 2022.

*Institute for Justice, by Joshua A. Windham and Renée D. Flaherty, admitted pro hac vice, and Narron Wenzel, P.A., by Benton Sawrey, for plaintiffs-appellants.*

*Attorney General Joshua H. Stein, by Solicitor General Ryan Y. Park, Assistant Solicitor General Nicholas S. Brod, Assistant Attorney General Derek L. Hunter and Assistant Attorney General John H. Schaeffer, for defendants-appellees.*

*K&L Gates LLP, by Gary S. Qualls, Susan K. Hackney and Anderson M. Shackelford, for amici curiae Charlotte-Mecklenburg Hospital Authority d/b/a Atrium Health, University Health Systems of Eastern Carolina, Inc. d/b/a Vidant Health, and Cumberland County Hospital System, Inc. d/b/a Cape Fear Valley Health System.*

*Fox Rothschild, by Marcus C. Hewitt and Troy D. Shelton, for amicus curiae Bio-Medical Applications of North Carolina, Inc.*

*Law Office of B. Tyler Brooks, PLLC, by B. Tyler Brooks and Lusby Law, PA, by Christopher R. Lusby for amicus curiae Certificate of Need Scholars.*

*Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, by Kenneth L. Burgess, Matthew F. Fisher, and Iain M. Stauffer for amici curiae NCHA, Inc. d/b/a North Carolina Healthcare Association, North Carolina Healthcare Facilities Association, North Carolina Chapter of the American College of Radiology, Inc., and North Carolina Senior Living Association.*

*Parker, Poe, Adams, & Bernstein LLP, by Robert A. Leandro for amici curiae Association for Home and Hospice Care of North Carolina and North Carolina Ambulatory Surgical Center.*

*John Locke Foundation, by Jonathan D. Guze, for amicus intervenor John Locke Foundation.*

TYSON, Judge.

¶ 1     Jay Singleton, D.O. and Singleton Vision Center, P.A. (collectively "Plaintiffs") appeal from an order entered, which granted the motion to dismiss by the North Carolina Department of Health and Human Services ("DHHS"); Roy Cooper, in his capacity as Governor of the State of North Carolina; Mandy H. Cohen, in her capacity as Secretary of the North Carolina Department of Health and Human Services; Phillip E. Berger, in his capacity as President *Pro Tempore* of the North Carolina Senate; and, Timothy K. Moore, in his capacity as Speaker of the North Carolina House of Representatives (collectively "Defendants"). We dismiss in part and affirm in part.

## I.    Background

¶ 2        Jay Singleton, D.O. ("Dr. Singleton") is a board-certified ophthalmologist, licensed as a medical doctor by the North Carolina Medical Board, and practices in New Bern.  Dr. Singleton founded Singleton Vision Center, P.A. (the "Center") in 2014 and serves as its President and Principal.  The Center is a full-service ophthalmology clinic, which provides routine vision checkups, treatments for infections, and surgery.

¶ 3        Dr. Singleton provides all non-operative patient care and treatments at the Center.  Dr. Singleton performs the majority of his outpatient surgeries at Carolina East Medical Center ("Carolina East") in New Bern.  Carolina East is the only licensed provider with an operating room certificate of need located in the tri-county planning area of Craven, Jones, and Pamlico Counties.  This current single need determination has not been revised for over ten years since 2012.

¶ 4        To perform surgeries at the Center, Dr. Singleton must obtain both a facility license under the Ambulatory Surgical Facility Licensure Act, N.C. Gen. Stat. § 131E-145 *et seq.* (2021) and a Certificate of Need ("CON") under N.C. Gen. Stat. § 131E-175 *et seq.* (2021).  DHHS makes determinations of operating room needs each year in the State Medical Facilities Plan to become effective two years later.

¶ 5        The 2021 State Medical Facilities Plan states there is "no need" for new operating room capacity in the Craven, Jones, and Pamlico Counties planning area.  The tri-county planning area encompasses an area of  approximately 1,814 square

miles. Representatives of Carolina East informed Plaintiffs they will oppose any application they submit for an additional operating room CON within the tri-county area.

¶ 6 Plaintiffs filed suit on 22 April 2020, alleging the CON law as applied to them violates the North Carolina Constitution. Plaintiffs sought an injunction preventing Defendants from enforcing the CON law, a declaration the CON law is unconstitutional as applied to them, and to recover nominal damages.

¶ 7 Defendants filed motions to dismiss pursuant to North Carolina Rules of Civil Procedure 12(b)(1) and 12(b)(6) on 29 June 2020 and 31 July 2020. Following a hearing, the trial court denied Defendants' Rule 12(b)(1) motion and allowed Defendants' Rule 12(b)(6) motion on 11 June 2021. Plaintiffs appeal the trial court's order granting Defendants' Rule 12(b)(6) motion. Defendants failed to cross-appeal the denial of their 12(b)(1) motion.

## II. Jurisdiction

¶ 8 This Court possesses jurisdiction pursuant to N.C. Gen. Stat. § 7A-27(b)(1) (2021). "[T]he issue of subject matter jurisdiction may be raised at any time, even on appeal." *Huntley v. Howard Lisk Co., Inc.*, 154 N.C. App. 698, 700, 573 S.E.2d 233, 235 (2002).

## A. Failure to Appeal

¶ 9 Defendants argue the trial court lacked subject matter jurisdiction because

Plaintiffs failed to exhaust or even attempt to invoke statutory and administrative remedies available to them. This argument was incorporated into Defendants' Rule 12(b)(1) motion to dismiss, which the trial court denied. Defendants were not required to take a cross-appeal of the trial court's order dismissing the case under Rule 12(b)(6) in order to raise arguments under Rule 12(b)(1). Defendants' subject matter jurisdiction arguments fall under N.C. R. App. P. 28(c): "Without taking an appeal, an appellee may present issues on appeal based on any action or omission of the trial court that deprived the appellee of an alternative basis in law for supporting the judgment . . . from which appeal has been taken." N.C. R. App. P. 28(c) (2021).

¶ 10 In addition to Rule 28(c), "there are two types of rules governing the manner in which legal claims are pursued in court: jurisdictional rules, which affect a court's power to hear the dispute, and procedural rules, which ensure that the legal system adjudicates the claim in an orderly way." *Tillet v. Town of Kill Devil Hills*, 257 N.C. App. 223, 225, 809 S.E.2d 145, 147 (2017) (citation omitted). This Court further held: "jurisdictional requirements cannot be waived or excused by the court." *Id.* (citation omitted).

¶ 11 "Jurisdiction rests upon the law and the law alone. It is never dependent upon the conduct of the parties." *Feldman v. Feldman* 236 N.C. 731, 734, 73 S.E.2d 865, 867 (1953). Our Supreme Court has long held: "A defect in jurisdiction over the subject matter cannot be cured by waiver, consent, amendment, or otherwise."

*Anderson v. Atkinson*, 235 N.C. 300, 301, 69 S.E.2d 603, 604 (1952).

¶ 12       Our Supreme Court further stated: "A lack of jurisdiction or power in the court entering a judgment always avoids the judgment, and a void judgment may be attacked whenever and wherever it is asserted." *State ex rel. Hanson v. Yandle*, 235 N.C. 532, 535, 70 S.E.2d 565, 568 (1952) (citations omitted). "Where a plaintiff has failed to exhaust its administrative remedies, its action brought in the trial court may be dismissed for lack of subject matter jurisdiction." V*anwijk v. Prof'l Nursing Servs.*, 213 N.C. App. 407, 410, 713 S.E.2d 766, 768 (2011) (citation omitted).

¶ 13       "So long as the statutory procedures provide effective judicial review of an agency action, courts will require a party to exhaust those remedies." *Flowers v. Blackbeard Sailing Club*, 115 N.C. App. 349, 352, 444 S.E.2d 636, 638 (1994).

¶ 14       Our Supreme Court has also held:

> As a general rule, *where the legislature has provided by statute an effective administrative remedy, that remedy is exclusive and its relief must be exhausted before recourse may be had to the courts. This is especially true where a statute establishes, as here, a procedure whereby matters of regulation and control are first addressed by commissions or agencies particularly qualified for the purpose.* In such a case, the legislature has expressed an intention to give the administrative entity most concerned with a particular matter the first chance to discover and rectify error. *Only after the appropriate agency has developed its own record and factual background upon which its decision must rest should the courts be available to review the sufficiency of its process.* An earlier intercession may be both wasteful and unwarranted. To permit the interruption and cessation of

proceedings before a commission by untimely and premature intervention by the courts would completely destroy the efficiency, effectiveness, and purpose of the administrative agencies.

*Presnell v. Pell*, 298 N.C. 715, 721-22, 260 S.E.2d 611, 615 (1979) (internal citations and quotation marks omitted) (emphasis supplied).

¶ 15        Plaintiffs acknowledge they could have applied for a CON and have sought and challenged any administrative review to invoke or ripen their constitutional procedural due process claims. *See* N.C. Gen. Stat. § 131E-175 *et seq.* Plaintiffs failed to file an application for a CON or to seek or exhaust any administrative remedy from DHHS prior to filing the action at bar. *Id.* Plaintiff has not shown the inadequacy of statutorily available administrative remedies to review and adjudicate his claims to sustain a deprivation of procedural due process. *Id.*; *see Good Hope Hosp., Inc. v. N.C. Dep't of Health & Human Servs.*, 174 N.C. App. 266, 272, 620 S.E.2d 873, 879 (2005).

¶ 16        The procedural due process violation:

> is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process. Therefore, to determine whether a constitutional violation has occurred, it is necessary to ask what process the State provided, and whether it was constitutionally adequate. This inquiry would examine the procedural safeguards built into the statutory or administrative procedure of effecting the deprivation, and any remedies for erroneous deprivations provided by the statute[.]

*Edward Valves, Inc. v. Wake Cty.*, 343 N.C. 426, 434, 471 S.E.2d 342, 347 (1996)

(citing *Zinermon v. Burch*, 494 U.S. 113, 125-26, 108 L. Ed. 2d 100, 114 (1990)).

¶ 17 Plaintiffs seek to excuse their failure to seek any administrative review and remedy and assert, "a party who seeks to challenge the constitutionality of [the CON law] must bring an action pursuant to . . . the Declaratory Judgment Act" citing *Hospital Group of Western N.C. v. N.C. Dep't of Human Resources*, 76 N.C. App. 265, 268, 332 S.E.2d 748, 751 (1985). However, Plaintiffs omit the sentence preceding the quoted language, which qualifies: "By amending G.S. 131E-188(b), the Legislature has opted to bypass the superior court in a *contested certificate of need case*, and review of a *final agency decision* is properly in this Court." *Id.* (emphasis supplied). No "contested certificate of need case" was ever brought before DHHS, and no "final agency decision" has been entered. *Id.*

¶ 18 Plaintiffs further baldly assert they are not required to seek and exhaust administrative remedies because the statutory and administrative remedies are inadequate, and the administrative agencies do not have jurisdiction to hear their constitutional claims, nor to grant declaratory or injunctive relief. The focus of Plaintiffs' complaint sought a permanent injunction, preventing enforcement of the CON law against Plaintiffs. *See id.*

¶ 19 The remedy Plaintiffs admittedly and essentially seek is for a fact-finding administrative record and decision thereon to be cast aside and a CON to be summarily issued to them by the Court. This we cannot do. *Presnell*, 298 N.C. at

721, 260 S.E.2d at 615 ("where the legislature has provided by statute an effective administrative remedy, that remedy is exclusive and its relief must be exhausted before recourse may be had to the courts"). "Only after the appropriate agency has developed its own record and factual background upon which its decision must rest should the courts be available to review the sufficiency of its [procedural due] process. An earlier intercession may be both wasteful and unwarranted." *Id.* at 721-22, 260 S.E.2d at 615. Had Plaintiffs sought any administrative review or the procedures were shown to be inadequate, their claim would be ripe for the superior court to exercise jurisdiction over their procedural claims.

¶ 20        Plaintiffs' procedural due process constitutional challenges under both Article I, Section 32 ("No person or set of persons is entitled to exclusive or separate emoluments or privileges from the community but in consideration of public services.") and Article I, Section 34 ("Perpetuities and monopolies are contrary to the genius of a free state and shall not be allowed.") of the North Carolina Constitution are properly dismissed under Rule 12(b)(1). N.C. Const. art I, §§ 32, 34.

### B. Article I, Section 19

¶ 21        Plaintiffs also asserted a substantive due process claim under Article I, Section 19 of the North Carolina Constitution. Contrary to the State's adamant assertions otherwise, Plaintiffs correctly assert this substantive violation may be brought in a declaratory judgment claim in superior court, "regardless of whether administrative

remedies have been exhausted." *Good Hope Hosp.,* 174 N.C. App. at 272, 620 S.E.2d at 879 (Holding a "[v]iolation of a substantive constitutional right may be the subject of a § 1983 claim, *regardless of whether administrative remedies have been exhausted*, because the violation is complete when the prohibited action is taken.") (citation omitted) (emphasis supplied).

¶ 22      This Court possesses jurisdiction to review the superior court's ruling over Plaintiffs' substantive due process as applied claims under Article I, Section 19 of the North Carolina Constitution. *See id.*

### III.      Issues

¶ 23      Plaintiffs argue the trial court erred by granting Defendants' Rule 12(b)(6) motion.

### IV.      Defendants' Rule 12(b)(6) Motion

¶ 24      Plaintiffs assert the CON statutes, N.C. Gen. Stat. § 131E-175 *et seq.*, violates Article I, § 19 of the North Carolina Constitution.  Plaintiffs' allegations properly assert an as-applied challenge to N.C. Gen. Stat. § 131E-175 *et seq*.  "An as-applied challenge represents a party's "protest against how a statute was applied in the particular context in which [the party] acted or proposed to act."  *Town of Beech Mountain v. Genesis Wildlife Sanctuary, Inc.*, 247 N.C. App. 444, 460, 786 S.E.2d 335, 347 (2016) (citation omitted), *aff'd*, 369 N.C. 722, 799 S.E.2d 611 (2017).  "An as-applied challenge contests whether the statute can be constitutionally applied to a

particular defendant, even if the statute is otherwise generally enforceable." *State v. Packingham*, 368 N.C. 380, 383, 777 S.E.2d 738, 743 (2015) (citation omitted), *rev'd and remanded on other grounds*, ____U.S. ____, 198 L. Ed. 2d 273 (2017).

### A. Standard of Review

¶ 25 This Court's standard of review of a Rule 12(b)(6) motion and ruling is well established. "A Rule 12(b)(6) motion tests the legal sufficiency of the pleading." *Kemp v. Spivey*, 166 N.C. App. 456, 461, 602 S.E.2d 686, 690 (2004) (citation and quotation marks omitted). "When considering a [Rule] 12(b)(6) motion to dismiss, the trial court need only look to the face of the complaint to determine whether it reveals an insurmountable bar to plaintiff's recovery." *Carlisle v. Keith*, 169 N.C. App. 674, 681, 614 S.E.2d 542, 547 (2005) (citation and quotation marks omitted).

¶ 26 "On appeal from a motion to dismiss under Rule 12(b)(6), this Court reviews *de novo* whether, as a matter of law, the allegations of the complaint . . . are sufficient to state a claim upon which relief may be granted[.]" *Christmas v. Cabarrus Cty.*, 192 N.C. App. 227, 231, 664 S.E.2d 649, 652 (2008) (citation and internal quotation marks omitted) (ellipses in original).

¶ 27 This Court "consider[s] the allegations in the complaint [as] true, construe[s] the complaint liberally, and only reverse[s] the trial court's denial of a motion to dismiss if [the] plaintiff is entitled to no relief under any set of facts which could be proven in support of the claim." *Id.* (citation omitted).

## B. Article I, Section 19

¶ 28     The North Carolina Constitution's Law of the Land Clause, provides, *inter alia*: "No person shall be taken, imprisoned, or disseized of his freehold, liberties, or privileges, or outlawed, or exiled, or in any manner deprived of his life, liberty, or property, but by the law of the land." N.C. Const. art I, § 19. The Law of the Land Clause has been held to be the equivalent of the Fourteenth Amendment's Due Process Clause in the Constitution of the United States. *See State v. Collins*, 169 N.C. 323, 324, 84 S.E. 1049, 1050 (1915).

¶ 29     "[A] decision of the United States Supreme Court interpreting the Due Process Clause is persuasive, though not controlling, authority for interpretation of the Law of the Land Clause." *Evans v. Cowan*, 132 N.C. App. 1, 6, 510 S.E.2d 170, 174 (1999) (citation omitted). Our Supreme Court has expressly "reserved the right to grant Section 19 relief against unreasonable and arbitrary state statutes in circumstances where relief might not be attainable under the Fourteenth Amendment to the United States Constitution." *In re Meads*, 349 N.C. 656, 671, 509 S.E.2d 165, 175 (1998) (citation omitted).

¶ 30     Our Supreme Court held: "The law of the land, like due process of law, serves to limit the state's police power to actions which have a real or substantial relation to the public health, morals, order, safety or general welfare." *Poor Richard's Inc. v. Stone*, 322 N.C. 61, 64, 366 S.E.2d 697, 699 (1988) (internal quotation marks omitted).

Contrary to Plaintiffs' counsel's adamant assertions, for almost twenty years, this Court has held "economic rules and regulations do not affect a fundamental right for purposes of due process[.]" *Affordable Care, Inc. v. N.C. State Bd. of Dental Exam'rs*, 153 N.C. App. 527, 537, 571 S.E.2d 52, 60 (2002) (citations omitted).

¶ 31        In *Hope—A Women's Cancer Ctr., P.A. v. State of N.C.*, 203 N.C. App. 593, 603, 693 S.E.2d 673, 680 (2010), this Court articulated a "rational basis" analysis when examining due process challenges to the CON law, which are claimed to be an invalid exercise of the State's police power. Our Court held: "(1) whether there exists a legitimate governmental purpose for the creation of the CON law[;] and[,] (2) whether the means undertaken in the CON law are reasonable in relation to this purpose." *Id.* (citations omitted).

¶ 32        Our Supreme Court held the protections under Article I, Section 19 "have been consistently interpreted to permit the state, through the exercise of its police power, to regulate economic enterprises provided the regulation is rationally related to a proper governmental purpose." *Poor Richard's*, 322 N.C. at 64, 366 S.E.2d at 699.

¶ 33        In enacting the CON law, the General Assembly made voluminous findings of fact, including: "[T]he general welfare and protection of lives, health, and property of the people of this State require that new institutional health services to be offered within this State be subject to review and evaluation as to need, cost of service, accessibility to services, quality of care, feasibility, and other criteria." N.C. Gen.

Stat. § 131E-183(a) (2021). This Court previously held this legislative finding is "a legitimate government purpose." *See Hope—A Women's Cancer Ctr., P.A.*, 203 N.C. App. at 603, 693 S.E.2d at 680 (citation omitted).

¶ 34 In *Hope—A Women's Cancer Ctr., P.A.*, this Court examined a facial challenge to the CON law under Article I, Section 19 and held:

> the General Assembly determined that approving the creation or use of new institutional health care services based in part on the need of such service was necessary in order to ensure that all citizens throughout the State had equal access to health care services at a reasonable price, a situation that would not occur if such regulation were not in place.

*Id.* at 604, 693 S.E.2d at 681.

¶ 35 This Court reasoned that affordable access to necessary health care by North Carolinians "is a legitimate goal, and it is a reasonable belief that this goal would be achieved by allowing approval of new institutional health services only when a need for such services had been determined." *Id.* at 605, 693 S.E.2d at 681. This Court held the CON law prohibiting a provider from expanding services in their practice did not facially violate a provider's due process rights under Article I, Section 19. *Id.* at 606, 693 S.E.2d at 682.

¶ 36 Defendants assert this Court's analysis here is controlled by *Hope—A Women's Cancer Ctr., P.A.* While *Hope* is instructive, contrary to the State's and Defendants' assertions, this Court's prior holding foreclosing *a facial challenge* does not foreclose

a future *as-applied challenge*, nor does that decision control our analysis of Plaintiffs' claims in the complaint.

¶ 37        "A facial challenge is an attack on a statute itself as opposed to a particular application" to an individual litigant. *City of Los Angeles v. Patel*, 576 U.S. 409, 414, 192 L. Ed. 2d 435, 443 (2015). "In a facial challenge, the presumption is that the law is constitutional, and a court may not strike it down if it may be upheld on any reasonable ground." *Affordable Care, Inc. v. N.C. State Bd. Of Dental Exam'rs*, 153 N.C. App. 527, 539, 571 S.E.2d 52, 61 (2002).

¶ 38        Facial challenges are "the most difficult challenge to mount" successfully. *United States v. Salerno*, 481 U.S. 739, 745, 95 L. Ed. 2d 697, 707 (1987). To mount a successful facial challenge, "a plaintiff must establish that a law is unconstitutional in *all of its applications*." *Patel*, 576 U.S. at 418, 192 L. Ed. 2d at 445 (citation and internal quotation marks omitted) (emphasis supplied).

¶ 39        In contrast, an as-applied challenge attacks "only the decision that applied the ordinance to his or her property, not the ordinance in general." *Town of Beech Mountain*, 247 N.C. App. at 475, 786 S.E.2d at 356. Contrary to the State's assertions at oral argument, a future as-applied challenge to a statute is not foreclosed and a litigant is not bound by the Court's holding in a prior facial challenge. *See In re Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989). An as-applied challenge asserts that a law, which is otherwise constitutional and enforceable, may be

unconstitutional in its application to a particular challenger on a particular set of facts. *Id.*

¶ 40        Plaintiffs and *amicus* assert our Supreme Court's analysis from *In re Certificate of Need for Aston Park Hospital, Inc.*, 282 N.C. 542, 551, 193 S.E.2d 729, 735 (1973) is controlling instead of *Hope—A Women's Cancer Ctr., P.A.*, 203 N.C. App. 593, 693 S.E.2d 673.   In *Aston Park*, our Supreme Court invalidated a prior codification of the CON law because it violated the plaintiff-provider's substantive due process rights. *Aston Park*, 282 N.C. at 551, 193 S.E.2d at 735.  The prior CON statute prohibited the issuance of a CON unless it was "necessary to provide new or additional impatient facilities in the area to be served." *Id.* at 545, 193 S.E.2d at 732 (internal quotation marks omitted).

¶ 41        The General Assembly had made limited findings of fact at that time concerning how this prohibition promoted the public welfare. *Id.* at 544, 193 S.E.2d at 731.  This Court held no evidence tended to show or suggest market forces and competition would not "lower prices, [create] better service and more efficient management" for healthcare to sustain the prohibition. *Id.* at 549, 193 S.E.2d at 734.

¶ 42        This earlier codification has been amended, enlarged and re-codified to include additional legislative findings to show how the CON law affects the public welfare. The General Assembly has specifically found and emphasized "[t]hat if left to the marketplace to allocate health service facilities and health care services, geographical

maldistribution of these facilities and services would occur." N.C. Gen. Stat. § 131E-175(3).

¶ 43 Plaintiffs' asserted deficiencies, which were identified by this Court in *Aston Park,* are no longer present in the current CON law. *Hope—A Women's Cancer Ctr., P.A.*, 203 N.C. App. at 607, 693 S.E.2d at 682 (internal citations and quotation marks omitted). These additional legislative findings do not mean triable issues and challenges are foreclosed, as they may arise and continue to exist in a future plaintiff's as-applied challenge to the CON statute.

¶ 44 While counsel for Defendants clearly and correctly admitted the CON statutes are restrictive, anti-competitive, and create monopolistic policies and powers to the holder, and Plaintiffs correctly assert the CON process is costly and fraught with gross delays, and service needs are not kept current, those challenges can also be asserted before the General Assembly, Commissions, and against the agency where a factual record can be built.

¶ 45 At least twelve sister states, including New Hampshire, California, Utah, Pennsylvania, and Texas, have re-examined the anti-competitive, monopolistic, and bureaucratic burdens of their CON statutes' health care allocations, and the scarcity created by and delays inherent in that system, and have abolished the entire CON system within their states. National Conference of State Legislatures, *Certificate of Need (CON) State Laws*, https://www.ncsl.org/research/health/con-certificate-of-

need-state-laws.aspx (last visited May 15, 2022).

¶ 46        Plaintiffs' complaint has also not asserted a violation of North Carolina's unfair and deceptive trade practices or right to work statutes located in Chapter 75 or Chapter 95 of our General Statutes. *See* N.C. Gen. Stat. § 75.1.1 *et seq*.; N.C. Gen. Stat. § 95-78 (2021) ("The right to live includes the right to work. The exercise of the right to work must be protected and maintained free from undue restraints and coercion.").

¶ 47        Plaintiffs also failed to assert it had sought re-classification of certain surgical and treatment procedures under its medical or other licenses and certifications, which can be safely done at its Center and clinic, without the need for a CON operating room. *See North Carolina State Bd. of Dental Exam'rs v. FTC* 574 U. S. 494, 514, 191 L. Ed. 2d 35, 54 (2015) (State dental board cannot confine teeth whitening to licensed dental offices.).

¶ 48        Advances in lesser and non-invasive procedures and technological treatments develop rapidly and have reduced or eliminated the need for a traditional operating theater and allowed for ambulatory clinical environments for patients. Yael Kopleman, MD, Raymond J. Lanzafame, MD, MBA & Doron Kopelman, MD, *Trends in Evolving Technologies in the Operating Room of the Future*, Journal of the Society of Laparoendoscopic Surgeons vol. 17,2 (2013).

¶ 49        We express no opinion on the potential viability, if any, of claims not alleged

in this complaint. The trial court correctly held Plaintiffs' substantive due process allegations, even taken as true and in the light most favorable to them, failed to state a claim upon which relief can be granted. *See* N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) (2021). Plaintiffs' argument is overruled.

## V.   Conclusion

¶ 50   Absence of subject matter jurisdiction may be raised at any time, this Court possesses no jurisdiction over Plaintiffs' procedural challenges, as alleged and analyzed above. Plaintiffs' appeal is dismissed in part.

¶ 51   Plaintiffs' as-applied challenges in their complaint, taken as true and in the light most favorable to them, fail to state any legally valid cause of action. The trial court did not err in granting Defendants' Rule 12(b)(6) motion to dismiss.

¶ 52    Considering the allegations in the complaint, as applied to Plaintiffs, the CON law does not violate Plaintiffs' rights under the Law of the Land Clause. N.C. Const. art I, § 19. The order of the trial court is affirmed, without prejudice for Plaintiffs to assert claims before DHHS, or otherwise. *It is so ordered.*

DISMISSED IN PART AND AFFIRMED IN PART.

Judges HAMPSON and CARPENTER concur.